## BELL v. SMITH et al. (No. 7203.)

Court of Civil Appeals of Texas. Austin.
March 21, 1928.

Rehearing Denied April 11, 1928.

1. Injunction ⬅⟹120—Failure to plead facts upon which right to use of street sought to be enjoined was founded or reliance on representation of street's extension could only be reached by special exception.

In suit to enjoin travel over street, where general exceptions were taken to answer because it did not plead any facts upon which claim of right to use street was founded, and because it did not plead reliance on representation of plaintiff that avenue extended to property line or any showing of injury to defendants by reason of such representations, *held* such matters could only be reached by special exceptions.

2. Pleading ⬅⟹207—Pleader's conclusions from facts unrevealed cannot be reached by general demurrer or exception, but must be reached by special exception.

Pleader's conclusions drawn from facts not revealed cannot be reached by general demurrer or exception, but must be reached by special exception against that defect.

3. Dedication ⬅⟹44—In suit to enjoin travel over street, wherein defendant property owners claimed dedication, evidence held to support judgment for defendants.

In suit to enjoin travel over street and removal of fence thereon, wherein defendant property owners answered that plaintiff had dedicated the property and that he was estopped to

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

deny such dedication, evidence *held* to support judgment for defendants.

**4. Dedication ⟪17—Dedication need not be by deed; some clear, unequivocal act of proprietor evidencing intention to set property apart for public use being sufficient.**

"Dedication" to public use, to be effectual, need not be by deed, nor need it be evidenced by use having continued for any particular time; it is enough that there has been some clear, unequivocal act or declaration of the proprietor evidencing an intention to set apart for public use and that others have acted in reference to and upon faith of such manifestation of intention.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dedication.]

**5. Dedication ⟪1—Dedication may take place immediately if it be unequivocal.**

If act of dedication be unequivocal, it may take place immediately.

**6. Dedication ⟪19(5)—Conveyance of lots according to plan creates implied covenant that streets indicated will remain open to public use.**

If owner of land lays out and establishes town, and makes and exhibits plan of town with various plats and spare ground, such as streets, alleys, etc., and sells lots with clear reference to that plan, purchasers of lots acquire as appurtenant to their lots every easement, privilege, and advantage which plan represents as belonging to them; there being an implied covenant that streets will remain open to public use.

**7. Dedication ⟪39—Dedication of property to use as street operates as estoppel against owner attempting to assert inconsistent rights.**

Since, when once street has been laid out and property purchased with reference thereto, resumption of street by proprietor would be act of bad faith and fraud upon any interests acquired upon faith of its being open, dedication operates as estoppel in pais of owner from any use which is inconsistent with public use to which it has been dedicated.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Suit by T. P. Bell against Fletcher W. Smith and others. From the judgment, plaintiff appeals. Affirmed.

J. Lloyd Kerr and J. A. Thomas, both of San Angelo, for appellant.

Upton & Upton and C. T. Dalton, all of San Angelo, for appellees.

BLAIR, J. Appellant, Bell, sought by this suit to enjoin appellees from traveling over and from tearing down and removing his fence and from interfering with his building a fence on and across a certain strip of land in Bell's addition to the City of San Angelo, more particularly described by appellant as being about 43 feet, lying immediately north of the north end of what is designated Montague avenue, on the map and plat of the said addition, and being 60 feet wide. Appellees answered that appellant had forever dedicated the strip of land to public use as a part of his said addition and as a part of Montague avenue, and was estopped by various acts pleaded to deny the dedication and to fence the public street.

A trial to the court without a jury resulted in the following findings, conclusions, and judgment:

"The court finds that the facts are with the defendants as to the use of Montague avenue and as to the right to prevent the fence from being erected across Montague avenue, and that Montague avenue extends to the south boundary line of the land owned by the defendants. It is therefore ordered, adjudged, and decreed that the plaintiff, T. P. Bell, is denied the right to erect a fence on the land embraced between the northwest corner of block 20 of Bell's addition and a point 60 feet west of said point or at any other point on or across Montague avenue as it is defined above that will interfere with the free use of same by defendants."

[1] Appellant predicates his appeal from the above judgment upon twelve propositions of law, none of which is sustained. By the first three propositions, appellant contends the court erred in refusing to sustain his general demurrer to appellees' entire answer and his several general exceptions to subdivisions of said answer, all of which were in effect that neither the answer nor any "of said subdivisions contain any allegations of fact sufficient to constitute a defense or part of a defense to plaintiff's cause of action."

In substance, the answer alleged: (a) That appellees were not guilty of the wrongs and trespasses charged; (b) that the land in controversy had not been fenced by appellant for more than 20 years; (c) that it was a part of appellant's addition, known as Bell's addition to San Angelo, Tex., and was dedicated in 1905 by appellant by a written instrument, map, and plat duly filed and recorded, as a public street forever, and designated as Montague avenue, being 60 feet wide; (d) that thereafter appellant sold most of the lots in his said addition with reference to said map and plat, and particularly did a deed from appellant to the Sisters of Charity, conveying the northern part of block No. 20 in said addition, describe same by metes and bounds and with reference to the northeast corner of Montague avenue, which of necessity recognized the land in suit as a part of said Montague avenue; (e) that thereafter said avenue was kept graded and was used by appellees and the public as a street; (f) that, after the aforementioned dedication and acts of appellant appellees purchased certain lands just north of and abutting upon the north end

of said Montague avenue, and used said avenue as a passageway to and from their lands; and (g) that appellant was therefore estopped to now deny the dedication of said land as a public street and to fence it so as to interfere with its use as a street.

The specific complaints now made by appellant against these pleadings of appellees are: (1) Because they do not plead any facts upon which their claim of right to use the street was founded nor could be supported; (2) because they did not plead that they relied upon Bell's representation that Montague avenue extended to the south line of their property, nor any fact showing that they suffered any injury by reason of such representations; and (3) because the portions of the pleadings by which appellees sued in the interest of the public from having a public street closed in a growing city stated no defense to appellant's cause of action.

[2] With reference to the matters complained of in objections 1 and 2, we are of the opinion that they could have been reached only by special exceptions. The rule is now well settled that a pleader's conclusions, drawn from facts not revealed, cannot be reached by a general demurrer or exception, but must be reached by a special exception against that defect. Garza v. Kenedy (Tex. Com. App.) 299 S. W. 231; Bagby v. Hodge (Tex. Civ. App.) 297 S. W. 882; Shaller v. Allen (Tex. Civ. App.) 278 S. W. 873.

With reference to the matters complained of in 3, the trial court did not consider them in arriving at its judgment, and for that reason we overrule the contention without further discussion.

[3] Appellant's nine remaining propositions raise in one way or another the insufficiency of the evidence to support the trial court's findings of fact and the conclusions and judgment based thereon. Neither is sustained. The judgment is sufficiently supported by the following evidence: On November 23, 1905, appellant, Bell, dedicated 120 acres of land owned by him as Bell's addition to San Angelo, Tex., which dedication reads in part as follows:

"Have subdivided said 120 acres of land into lots and blocks, streets and alleys, and have designated same as Bell's addition to San Angelo, Tex. The foregoing and attached map is hereby declared to be a correct map and plat of Bell's addition to San Angelo, covering said 120 acres of land, and the streets and alleys as shown on said map and hereby forever dedicate it to the public for use as public streets or alleys on, over, and across said tract of land, and the lots and blocks as shown on said map and numbered thereon are hereby declared to be a correct description of said lots and blocks of said Bell's addition to San Angelo, Tex."

Appellant introduced his map and plat of his addition, and the following map represents the north side of the 120 acres and the map and plat thereof which was duly filed and recorded in the Deed Records of Tom Green county, Tex.:

Appellant's correction map and plat, made in lieu of and correction of the one dated November 4, 1905, did not shade the area shown on the map, but we have done so for explanation purposes. The corrections made were to erase the figures "43" written in the space which an extension of the east line of block No. 4 to the north would mark, to erase the figures "10" in the space which an extension of the west line of block No. 1 to the north would mark, and by adding the words, which were written with red ink, in the shaded area at the position shown on the above map, "Land north of blocks 1–2–3–4 not dedicated as alley." Appellant contends that these corrections alone were sufficient to give notice that he intended to withdraw from dedication all the land *between the red line on the north and land north of blocks 1, 2, 3, 4, and to the west line of block No. 20, and above the figures "60" at the northeast of the corner of block No. 4.* Such contention might be correct if appellant had not thereafter deeded the north part of block No. 20 to the Sisters of Charity, describing it in part as follows:

"Thence with the north line of said addition south 89 degrees and 5′ west 382¾ feet to an iron pin, the northeast corner of Montague avenue; thence with the east line of said Montague avenue, south 814.9 feet to place of beginning."

The Sisters of Charity later deeded the land back to appellant by the same description. Appellant, Bell, himself prepared these deeds according to his best recollection of the matter. They were of record long before appellees purchased their property abutting on the north end of Montague avenue as it was necessarily described in these deeds. The county surveyor, a witness for appellant, also testified in this connection, that the figures, like the figures "60" in the space at the northeast corner of block No. 4, usually indicated the width of the street, and were usually placed where it was intended the street should end, but that, "if the northwest corner of block 20 would be the northeast corner of Montague avenue, then Montague avenue would naturally extend to that red line on the north" (meaning the red line designated north line of Bell's 120 acres), which line constituted the south line of appellees' property.

Appellees also proved the grading and use of Montague avenue as a public street to their south property line. A surveyor introduced as a witness for appellees testified as follows:

"The iron pin that was called for from Bell to the Sisters of Charity I found there in line with the north line of Bell's addition at the edge of the fence, which was on the south side of the Fletcher Smith (one of the appellees) tract; I mean the iron pin called for in the Sister's deed. Since this trial started, I have had occasion to go out there and examine the grading of Montague avenue; I have noticed it

particularly since this case started, and I was over it a good many times before that. Montague avenue is graded up to the fence; the ditches on the side going with 6 or 8 feet of the fence and the dirt had been distributed from the center of the road up to the fence. The ditches at the sides lacked probably 6 or 8 feet of going up to the fence, but they were turned like they were cut with a grader and close to the fence. North of the south line of Fletcher Smith's property the street is cut out on a continuation of Montague avenue clear on across the Smith tract. The lines on the Smith property would be a continuation of the lines on the Bell property— continuous from the line of Montague avenue on the Bell property."

Appellee Chestnut purchased from appellee Fletcher Smith, and the eastline of his property would be the west line of Montague avenue continuing north from the point Montague avenue touched his property on the south.

The testimony is undisputed that employees of appellant, Bell, graded Montague avenue as above testified to on several occasions, and that it had been so graded at the time and for several years prior to the time appellees purchased the property abutting on the north end of it. Each appellee testified that when he purchased he drove up Montague avenue and found it graded to within 2 or 3 feet of the fence on the south line of the property he purchased.

The fence referred to as being on or near the north line of Bell's 120 acres had been specifically deeded to appellees' predecessors in title as far back as 1886. It had been in a dilapidated condition for several years, to such an extent that at places cattle and vehicles could pass over it. Appellee Smith testified that he purchased the land north of Montague avenue in 1926, and that in April, 1927, he tore the fence down. Since that time he and his grantees, the other appellees, have used the strip of land as a passageway or roadway to and from their abutting lands, and others of the public have used same as a roadway to a limited extent. The above evidence sufficiently supports the judgment of the trial court when applied to the following principles of law which control the case.

[4-7] In Oswald v. Grenet, 22 Tex. 94, it was held:

"Respecting what will amount to, or may be received as evidence of a dedication, the law is too well settled to admit of controversy. A setting apart, or dedication to a public use, to be effectual, need not be by deed; nor need it be evidenced by the use of it having been continued for any particular time; it is enough, that there has been some clear, unequivocal act, or declaration of the proprietor, evidencing an intention to set it apart for a public use, and that others have acted in reference to, and upon the faith of, such manifestation of intention. If the act of dedication be unequivocal, it may take place immediately. * * * If the owner of land lays out and establishes a town, and makes and exhibits a plan of the town, with various plots of spare ground, such as streets, alleys, quays,

etc., and sells the lots, with clear reference to that plan, the purchasers of the lots acquire, as appurtenant to their lots, every easement, privilege, and advantage, which the plan represents as belonging to them, as part of the town, or to their owners, as citizens of the town. And the right thus passing to the purchasers, is not the mere right that the purchaser may use these streets, or other public places, according to their appropriate purposes, but a right vests in the purchasers, that all persons whatever, as their occasions may require or invite, may so use them; in other words, the sale and conveyance of lots in the town, and according to its plan, imply a grant or covenant to the purchasers, that the streets and other public places, indicated as such upon the plan, shall be forever open to the use of the public, free from all claim or interference of the proprietor, inconsistent with such use. * * * The principle upon which the binding and irrevocable nature of a dedication rests, appears to be this, that when once a way, street, etc., has been laid out on the soil, or on a map, and property has been purchased in reference thereto, the resumption of the street, or way, by the proprietor, would be an act of bad faith, and a fraud upon any interests acquired upon the faith of its being left open. Hence, it operates as an estoppel in pais of the owner, from exclusive use of the property, or indeed any use, which is inconsistent with the public use, to which it has been dedicated."

See, also, Bowers v. Machir (Tex. Civ. App.) 191 S. W. 758; Dallas Cotton Mills v. Industrial Co. (Tex. Com. App.) 296 S. W. 503; City of San Antonio v. San Antonio Academy (Tex. Civ. App.) 259 S. W. 995. In the last case cited it is held:

"Where dedication of land to street purposes was evidenced by deed duly executed, there was an express dedication. * * * An express dedication may become effective without immediate use, if it is an unequivocal grant of land for a public highway."

Appellant, Bell, testified that his addition had never been inclosed with fence and that:

"The streets were graded up for the purpose of directing traffic across the land. * * * I had lots for sale all the time, and people would drive out there and look at them and look at the streets. I have no objection to people driving over the streets, and if I were disposed to have an objection it would amount to nothing. The streets were dedicated to the public for a highway."

In other words, appellant Bell's only contention is that Montague avenue stopped 43 feet short of appellees' line; but we find the evidence above detailed supports the findings of the trial court and its judgment based thereon, to the effect that appellant by his dedication, his acts, and conduct has estopped himself to now deny dedication of the street to appellees' south line and is now estopped to fence the street in question. Therefore the judgment will be affirmed in all things.

Affirmed.