### TAYLOR v. HAYNES. (No. 8235.)

Court of Civil Appeals of Texas. San Antonio. June 19, 1929. Supplemental Opinion, July 17, 1929.

Rehearing Denied July 31, 1929.

Hull & Oliver, of San Antonio, for appellant.

E. W. Clemens and Terrell, Davis, McMillan & Hall, all of San Antonio, for appellee.

SMITH, J. The Gunter Hotel Company is a corporation owning and operating the Gunter Hotel in the city of San Antonio, under a charter in which the corporate purpose is defined as follows: "The purpose for which it is formed is the establishment, operation, maintenance and erection or repair of hotels in the state of Texas." The corporation is a subscriber to the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), under the provisions of which it was insured against liability for injury received by its employés in the course of their employment. Among these employés was J. M. Taylor, appellant herein, who was the assistant engineer of the hotel building. J. P. Haynes, appellee herein, was engaged in repairing, remodeling, and renovating the hotel building, and as a result of his alleged negligence in doing that work, Taylor, while in the performance of his duty as a hotel company employé, received certain injuries and was awarded compensation, as an employé of the hotel corporation, by the state Industrial Accident Board.

Subsequently he filed this suit against Haynes to recover damages under the common law, in addition to and independent of the compensation previously awarded him under the Workmen's Compensation Act. Upon a trial the jury found in response to special issues submitted to them that Taylor was injured as a proximate result of specific acts of negligence of Haynes, that he was guilty of no acts of contributory negligence, and that he was damaged in the sum of $8,000. The jury also found that Haynes was not an independent contractor; that he was not an "employé" of the hotel company, but was an "agent" of that company. Upon the latter finding the trial court held that Haynes was not liable, and rendered judgment denying any recovery to Taylor, who has appealed.

The only question raised in the appeal is that of whether or not Haynes was such an agent, servant, or employé of the hotel company as would protect him from liability at common law from his own acts of negligence, or that of his employés, under the provisions of the Workmen's Compensation Act. The question must be determined, primarily, by the following provisions of the act, as it appears in the Revised Statutes of 1925:

Article 8306, § 3: "The employés of a subscriber * * * shall have no right of ac-

tion against their employer or against any agent, servant or employé or said employer for damages for personal injuries. * * *"

Article 8307, § 6a: "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. * * *"

█ The evidence bearing upon Haynes' relation to the hotel company is undisputed in the record, and, being undisputed, presents questions of law, and not of fact. The jury findings thereon are therefore of no value, and may be disregarded. Haynes' profession is that of a general contractor, and has been such for a number of years. As such contractor he is shown to have constructed many of the larger and more pretentious buildings erected in San Antonio in recent years. At the time of Taylor's injury Haynes was engaged as a general contractor in constructing a prominent church edifice several blocks distant from the Gunter Hotel, aside from the work he was directing in the hotel building. His relation to the work being done in the hotel building was unusual. He was not doing it at his direct expense upon a bid on the whole job, as is usually the case, but upon a salary of $200 per week. It was being done in accordance with plans, but not specifications, proposed by an architect, and subject to change by the president of the hotel company, who altered the architect's plans at his own will and caprice, leaving the specifications and methods to Haynes' judgment, from whom he exacted results only. The plans were comprehensive, involving remodeling and repairs affecting some of the exterior and much of the interior of the existing build-

ing, and calling for small and large jobs, from moving and rearranging bathtubs to remodeling floors, walls, ceilings, and frontage, and readjusting the foundation of the building. Haynes did not determine what bathtubs were to be changed, what floors or interiors were to be replaced, what parts of the structure were to be remodeled, or closed, or opened, or what part or to what extent the foundations were to be removed, substituted, or strengthened; all these matters were determined by the president of the corporation, but, when determined by him and communicated to Haynes, the latter selected, procured, assembled, and placed the materials and supplies, did the work at his own discretion, upon specifications of his own making, through his own foreman, and in his own way, largely with his own tools and implements, and with laborers of his own selection and completely under his own control, whom he employed, retained, and discharged at his own will. The lumber and material bills thus incurred by Haynes were paid by the hotel company, and each week Haynes presented to the company, and the company settled, the pay roll of all his employés. Haynes carried compensation insurance covering his employés used in the work undertaken by him for the hotel company, the cost of which insurance was charged by him to and paid by the company as a part of the expenses of the operations. Inasmuch as the facts stated are undisputed, the only questions presented are those of law as applied to those undisputed facts.

█ It will be readily seen that the only difference between the relation of Haynes and the company, and the ordinary relation of a building contractor and the owner of property being improved, is that, instead of being paid a lump sum for the whole job, done at his own expense, Haynes was paid a fixed amount weekly during the period of employment, while the cost of labor and materials was paid directly by the owner to the materialmen and laborers, instead of through Haynes. As in the case of the ordinary contractor, Haynes selected his own force of employés, at wages, tasks, and hours of service fixed by him, insured them under the Workmen's Compensation Act as his own employés, in insurance companies of his own selection, exercised complete control and dominion over them, directed every step of their activities, retained or discharged them at his own pleasure, and used them in his own way in carrying out the plans of the owner, upon specifications of his own making, with materials of his own selection, through methods dictated by his own judgment. It was through his own negligence, or that of his own employés, that appellant was injured, and the question is: Is appellant, having been compensated as an employé of the hotel company under the provisions of the Compensation

Act, prohibited by other provisions of that act from recovering damages of appellee as at common law?

It is conceded by appellee that he would be liable for injuries negligently inflicted by him upon appellant, under the terms of article 8307, § 6a, if that section of the act should be considered alone, since it is further conceded that appellee was a person "other than the subscriber" by whom appellant was employed. But appellee contends that he was an "agent, servant, or employé" of the hotel company, which was such subscriber, and that under the provisions of article 8306, § 3, he is exempt from liability for the injuries to appellant; that article 8306, § 3, is a limitation upon, and exception to, article 8307, § 6a.

We are of the opinion, and so hold, that appellee was not, at the time and under the circumstances of the accident to appellant, such an agent, servant, or employé of the hotel company, as is contemplated in article 8306, § 3. In carrying out the hotel company's plans, appellee caused an excavation to be made for one of the foundation supports of the hotel building. This excavation consisted of a hole, about 10 feet deep, into the floor of the basement of the hotel. It was excavated by appellee's employés, under his specifications, and under his obligation to so guard and light it as to protect the hotel company's employés against the danger of falling into it, while passing to and fro in the performance of their duties as employés of the company. It was into this excavation that appellant fell, thereby receiving the injuries complained of in this suit. The excavation work was for the time being an independent undertaking by appellee as a contractor, having exclusive control and management of the undertaking, freed of any intervening right or duty of the hotel company's agents or officials over those actually doing the work, who were in fact employed, directed, and controlled by appellee, and performed their duties under his exclusive direction. The fact that appellee was paid a weekly salary, instead of a lump sum for the work in hand, and that his employés were paid directly by the owner, instead of through appellee, does not have the effect of distinguishing his status from that of an independent contractor, and did not make him an agent, servant, or employé of the "subscriber," as contemplated in article 8306, § 3. His independent status, as fixed by the facts stated, was emphasized by his own recognition of that status by himself carrying compensation insurance to protect the very employés used by him in performing his undertaking, and whose negligence caused appellant's injuries. We hold that appellee was a "person other than the subscriber" employing appellant, and was not such an "agent, servant or employé" of appellant's employer as would exempt him (under the exceptions contained in article 8307, § 6a) from liability at law for the injuries sustained by appellant by reason of the negligence of his employés. In other words, for the purpose of this inquiry, and under the undisputed facts stated, Haynes was an independent contractor, as distinguished from an "agent, servant or employé" of the hotel company. See annotations, 19 A. L. R. 226, 19 A. L. R. 766, 20 A. L. R. 684; Cunningham v, Railway, 51 Tex. 503, 32 Am. Rep. 632; Drennon v. Drug Co. (Tex. Civ. App.) 109 S. W. 218; Surety Co. v. Shoemake (Tex. Civ. App.) 16 S.W.(2d) 950.

The jury resolved all issues of negligence against appellee, and fixed his damages on account of that negligence at $8,000. No complaint was made in the trial court or in this appeal against those findings, or the amount of damages, and the undisputed facts, fully developed, establish appellant's liability for that negligence, as a matter of law. It therefore becomes the duty of this court to render the judgment that should have been rendered in the court below, and accordingly the judgment appealed from will be reversed, and judgment here rendered for appellant, that he recover of appellee the sum of $8,000, with interest from the date of the judgment, and all costs.

Reversed and rendered.

■ We conclude, upon our own motion, that it is beyond the authority of this court to render judgment for appellant, since the trial court had no power to render such judgment notwithstanding the verdict. Accordingly, and for the reasons given in the original opinion, the judgment appealed from will be reversed, and the cause remanded for another trial.