## HAYNES v. TAYLOR.
### No. 1387—5566.

Commission of Appeals of Texas, Section A.

Feb. 4, 1931.

Terrell, Davis, McMillan & Hall and E. W. Clemens, all of San Antonio, for plaintiff in error.

Hull & Oliver, of San Antonio, for defendant in error.

CRITZ, J.

After recovering compensation from an insurance company under the terms of the Workmen's Compensation Law of Texas for personal injuries sustained by him while an employee of the Gunter Hotel Company of San Antonio, J. M. Taylor brought this suit in the district court of Bexar county, Tex., for a second recovery under the common law against J. P. Haynes. The case was submitted to a jury in the district court on special issues, and, based on the answers of the jury to these issues, the trial court entered judgment for Haynes. Taylor appealed to the Court of Civil Appeals at San Antonio, which court reversed the judgment of the trial court, and originally rendered judgment for Taylor, but later, on its own motion, remanded the case to the district court for a new trial. 19 S.W.(2d) 850. The case is now before the Supreme Court on writs of error granted on applications of both parties. We refer to the opinion of the Court of Civil Appeals for further statement, and shall make such additional statement in this opinion as we deem expedient.

It seems from the record before us that the Gunter Hotel Company is a corporation owning and operating the Gunter Hotel of the city of San Antonio. The hotel company is a subscriber to the Workmen's Compensation Act, and was insured against liability for injury to its employees under the terms of such

act. Among these employees was J. M. Taylor, who was an assistant engineer for the hotel building. Haynes was employed by the hotel company in remodeling and renovating the building. Taylor was injured as the result of Haynes' alleged negligence.

The case was submitted to a jury in the trial court, and in response to such issues the jury found: (a) That Taylor was injured.as the result of certain negligent acts of Haynes; (b) that Taylor was guilty of no acts of contributory negligence; and (c) that Taylor was damaged in the sum of $8,000: The jury also found in response to an issue requested by Taylor that Haynes was not an independent contractor. Also the jury found that Haynes was an agent of the Gunter Hotel Company. Based on these findings, the trial court entered a judgment for Haynes.

As stated by the Court of Civil Appeals, the only question involved in this appeal is "whether or not Haynes was such an agent, servant or employee of the Hotel Company as would protect him from liability at common law from his own acts of negligence, or that of his employees under the provisions of the Workmen's Compensation Act." At the special request of Taylor, the trial court submitted the following special issue to the jury:

"Gentlemen of the Jury: At the request of the plaintiff, I submit you the following Special Issue and Question:

"Question: Was the defendant, J. P. Haynes, an Independent Contractor employed by the Gunter Hotel Company? Answer 'Yes' or 'No.'

"We, the Jury, answer: 'No.'

"In connection with the above Special Issue, you are instructed:

"By the term, 'Independent Contractor,' as used in the preceding Questions, you are instructed that an Independent Contractor is any person who, in the pursuit of independent business, undertakes to do a specific piece of work for other person using his own means and methods without submitting himself to their control in respect to all its details, and is a person that renders service in the course of an independent occupation representing the will of his employer, only as to the result of his work and not as to the means by which it is accomplished.

"Given

"W. S. Anderson
"Judge 37 Judicial District."

The Court of Civil Appeals holds as a matter of law that Haynes was not, at the time, and under the circumstances of the accident, such an agent, servant, or employee of the hotel company as is contemplated by section 3 of article 8306, R. C. S. of Texas 1925: The article in question reads as follows:

"The employees of a subscriber and the parents of minor employees shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer or his agent, servant or employee for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for."

In our opinion, the legal effect of the answer of the jury to the above-quoted special issue, and the finding of the.jury to the effect that Haynes was an agent of the hotel company, required the trial court to enter a judgment for Haynes.

The Court of Civil Appeals holds that the evidence conclusively shows Haynes to be an independent contractor, and that the verdict to the contrary is without support in the evidence. This issue was submitted to the jury at the special request of Taylor, and he, having requested the submission of the issue, cannot now complain that it should not have been submitted, nor can he now say that the jury's findings thereon are without support in the testimony. In other words, having requested the submission of the issue, he is bound by the finding. Article 2202, subd. 6, R. C. S. 1925; Poindexter v. Receivers Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42; Texas Employers' Insurance Association v. Eubanks (Tex. Civ. App.) 294 S. W. 905, 908 (writ ref.); El Paso Electric Co. v. Whitenack (Tex. Civ. App.) 297 S. W. 258; El Paso Electric Co. v. Whitenack (Tex. Com. App.) 1 S.W.(2d) 594.

Subdivision 6 of article 2202, supra, reads as follows:

"6. A special verdict found under the provisions of this article shall, as between the parties, be conclusive as to the facts found."

Under our practice, the jury is the trier of all issues of fact, and our courts have consistently construed subdivision 6, art. 2202, supra, as making the jury's findings on a special issue conclusive on the parties. Also it is settled as the law of this state that, where a party himself requests the submission of an issue to the jury, he is thereafter in no position to assert that the testimony does not raise the issue, or is insufficient to support the finding.

In the Poindexter Case, supra, the Supreme Court expressly held (we quote from the syllabus): "Appellant cannot complain of the submission of an issue by the court's charge as unwarranted by the evidence, where he has asked and had given a charge submitting it as an issue."

In El Paso Electric Co. v. Whitenack, 297 S. W. 258, 259, supra, the Court of Civil Appeals held:

"Appellant tendered special charges submitting said issues of discovered peril, and requested the giving of them to the jury, which request the court granted. Under such circumstances, the answers of the jury, under subdivision 6, article 2202, Rev. Civ. Stat. 1925, as between the parties, are conclusive as to the facts found."

The above holding was approved by the commission, 1 S.W.(2d) 594, supra.

In the Eubanks Case, supra, the court said:

"In response to a special issue requested by appellant and given by the court, the jury found that the National Supply Company exercised 'direction and control in material respects over D. L. Eubanks, as to the manner, method and means in which he did his work in all its details.' The effect of this finding makes D. L. Eubanks an employee of the National Supply Company, instead of an independent contractor, and having requested the submission of this issue, the appellant can complain neither that it should not have been submitted, nor that the jury's finding thereon is without supporting testimony."

█ It follows from what we have said that Haynes must be held not to have been an independent contractor at the time in question. If he was not an independent contractor, then under the issues of this case, as found by the jury, he was agent of the Gunter Hotel Company, within the meaning of section 3, of article 8306, supra. This being the case, under the plain provisions of this statute Taylor can have no right of action against Haynes. It is true that, prior to the amendment of the Workmen's Compensation Law in 1913 (Acts 1913, c. 179), that law only provided that employees of the subscriber should have no right of action against their employer. No provision was made that the agent, servant, or employee of the employer should be protected. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. The opinion in the Fox Case is written by Justice Greenwood, and particularly points out the absence of any language in the original act protecting the agent, etc., of the employer.

At the very next session of the Legislature of Texas after the rendition of the opinion in the Fox Case, it enacted the amendment of 1923 (Acts 1923, c. 177), and the law now provides in effect that the employees of the subscriber shall have no right of action against their employer or against any agent, servant, or employee of their employer. The old law as it existed at the time the Fox Case was decided did not include the provisions with reference to the agent, servant, or employee of the employer. The fact that the Legislature of Texas, at the very next session after the rendition of the opinion in the Fox Case, enacted the amendment of 1923, conclusively shows an intention on the part of the Legislature to relieve the agent, servant, or employee of the common employer, as well as the employer.

█ We are further of the opinion that the evidence in the trial court as a matter of law raises a fact issue as to whether Haynes was an agent of the hotel company within the meaning of the above-quoted statute, and also raises the issue as to whether Haynes was an independent contractor. Maryland Casualty Co. v. Kent (Tex. Com. App.) 3 S.W.(2d) 414, 415; Southern Surety Co. v. Shoemake (Tex. Com. App.), 24 S.W.(2d) 7, 8.

In Maryland Casualty Co. v. Kent, supra, Judge Nickels, speaking for this section of the commission, holds:

"True it is that Kent's compensation was determinable with reference to a quantitative standard, that he had some discretion as to his hours or quantity of labor, and that he was to furnish some of the appliances for accomplishing the results contemplated. But those things are but evidentiary, with probative value according to other elements, and are not at all conclusive of an independent contractorship or other relation foreign to that 'of 'employer' and 'employee.' Shannon v. Western Ind. Co. [(Tex. Com. App.) 257 S. W. 522], supra. The Workmen's Compensation Law recognizes compensation other than what is generally called 'wages' (article 8309, R. S. 1925). Corbett, held to be a 'servant' (Singer Mfg. Co. v. Rahn [132 U. S. 518, 10 S. Ct. 175, 33 L. Ed. 440], supra), sold 'on commission' and furnished horses to pull the company's wagon; and Carvin, held not to be an independent contractor (New Orleans, etc., Ry. Co. v. Hanning [15 Wall. 649, 21 L. Ed. 220], supra), earned on quantitative basis, furnished materials, and had general liberty of fixing hours, etc., of his own services and of those employed (and paid) by him to assist."

In Southern Surety Co. v. Shoemake, section B of the commission, speaking through Judge Ryan, holds:

"As said in Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 522, 523, 'The term "employee" as used in this act may be said to have a broader and more liberal meaning than the word "servant," as that term has been generally understood, in this, that it was intended to include all those in the service of another whether engaged in the performance of manual labor, or in positions of management and trust, and whether being paid wages or a salary, so long as they remained under the ultimate control of the employer * * * to constitute one an "employee" in the meaning of the compensation laws, there must exist between the parties the relation of master and servant, in the broad sense that the one has the right of ultimate

control and direction over the other. When one is employed by another, it may be generally said to be in the relation of servant to master, or as an independent contractor. This being true, the courts in nearly every instance have undertaken to determine the relation of the person employed by another by first deciding whether or not such person was an independent contractor. If he was found not to be such under all the facts and circumstances, then he was classed as a servant or employee.'

"Our Supreme Court, in Cunningham v. I. R. R. Co., 51 Tex. 503, 32 Am. Rep. 632, and Wallace v. S. C. O. Co., 91 Tex. 18, 40 S. W. 399, defines an independent contractor as one whom the employer has no right to control as to the manner in which the work is to be done, or the means by which it is accomplished.

"The rule is admirably stated in Street on Personal Injuries, §§ 11 and 12, thus: 'No better test can be applied than to say that the relation of master and servant exists where the master retains or exercises the power of control in directing, not merely the end sought to be accomplished by the employment of another, but as well the means and details of its accomplishment; not only what shall be done, but how it shall be done.' "

When the facts of this case are examined in the light of the above authorities, we think that they, as a matter of law, amply raise the fact issues as to whether Haynes was under the ultimate control of the hotel company, and whether such company had and exercised the power of controlling and directing, not merely the end sought to be accomplished by him, but, as well, the means and details of its accomplishment. In this connection we call attention to the fact that there is evidence in the record to, in law, sustain the following conclusions: (a) Haynes was employed at a certain fixed weekly wage; (b) he worked at all times subject to the ultimate control of the hotel company; (c) he was not employed to produce any specific or certain results. In this connection the evidence shows that, although there were some plans in existence for a portion of the work, many changes were made from time to time, and a great amount of work was undertaken without reference to any plans, all such work being done by direction of the hotel company; (d) he did not furnish any material used in the work, the kind and quality of such being determined by the hotel company, and paid for by it; (e) he did not pay the laborers who worked under him, the hotel company having paid them as its own employees; (f) he was not employed for any specific time, or until any certain result was accomplished, but could have been discharged

at any time, and the work abandoned, or another person placed in his stead.

It follows from what we have said that the trial court was correct in rendering a judgment for Haynes, and we therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.