## STANDARD ACC. INS. CO. v. PENNSYLVANIA CAR CO. et al.
### No. 5992.

Circuit Court of Appeals, Fifth Circuit.
April 18, 1931.

Rehearing Denied May 27, 1931.

74

J. Cleo Thompson, H. J. Yarborough, and John White, all of Dallas, Tex., for appellant.

W. T. Henry and Frank W. Wozencraft, both of Dallas, Tex., for appellees.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

HUTCHESON, District Judge.

Appellant an insurance company, plaintiff below, sued to enforce its right of subrogation under section 6a, art. 8307, of the Workmen's Compensation Act of the state of Texas, R. S. 1925.

The petition alleged, in substance, that, under a workmen's compensation policy of insurance issued by it to Henger & Chambers Company, as general contractors for the erection of the Dallas National Bank building, it had paid compensation to the representatives of Zack Smith, deceased, an employee of Henger & Chambers Company, on account of the death of Zack Smith, caused by the wrongful act of the Pennsylvania Car Company, a person other than the subscriber legally liable for the death of deceased; that Henger & Chambers Company, having a contract with the owner of the premises for the construction and erection of the entire building, said contract not providing that the owner might dictate the details as to the construction and erection of the building, but only providing in this regard that the said Henger & Chambers Company should be responsible to the owner as to the final results of such erection and construction, let to appellee Pennsylvania Car Company the construction and erection of the steel for said building under a contract not providing that Henger & Chambers Company might dictate the details as to the construction and erection of the steel, but only providing in this respect that the car company should be responsible to Henger & Chambers Company for the final construction and erection of the steel.

As to the car company, it was alleged, in substance, that the said defendant Pennsylvania Car Company, an independent contractor having many laborers, mechanics, artisans, agents, etc., aiding and assisting in the construction and erection of the structural steel, all of whom were under its control and management, and having the duty to furnish and erect complete as independent contractor the structural steel upon said building, and having, in addition to the general duty imposed upon it by law for the safety of those working on floors below where its employees were working, a specific duty assumed in and as part of its contract with Henger & Chambers Company to put down protective flooring on the floors where it was working so as to protect laborers working below, had failed and refused to do so, and had carelessly and negligently permitted a heavy object, to wit, a piece of timber, in its complete possession and control, to fall upon and kill Zack Smith, one of the employees of Henger & Chambers Company.

To this petition defendant leveled general and special demurrers, all of which were sustained, and, plaintiff declining to amend, judgment was entered dismissing the cause, and from that judgment this appeal is taken.

What grounds were urged in support of the demurrer in the court below, or upon what theory the ruling of the court was based, does not definitely appear. From an inspection of the briefs it would appear that appellant is of one opinion and appellees of another, for appellant devotes its brief entirely to supporting the claim that the petition adequately alleges negligence on the part of the defendant, while appellees in effect conceding, as indeed they must, that negligence was sufficiently alleged [Standard Insurance Co. v. Pennsylvania Car Co. (Tex. Civ. App.) 15 S.W.(2d) 1081; City of Beaumont v. Dougherty (Tex. Com. App.) 9 S.W.(2d) 1030], devote their brief to establishing that within the meaning of section 3, art. 8306, R. S. 1925, providing that "the employees of a subscriber * * * shall have no right of action against their employer or against any agent, servant, or employee of said employer, for damages for personal injuries," the car company was an agent, servant, or employee of Henger & Chambers Company, deceased's employer, and therefore the action will not lie.

The applicable portion of section 6a, art. 8307, invoked by appellant, is as follows: "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liabil-

ity in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries."

It is settled law in Texas that this provision effects a subrogation of the insurance carrier to the rights of the representatives of deceased employees against all persons causing the injury under such circumstances as to create a legal liability, and that the statute should be given a liberal construction to effect the purpose designed. Consolidated Underwriters v. Kirby (Tex. Com. App.) 267 S. W. 703.

█ It is also clearly settled, both generally and in Texas, that the words "servant or employee" as used in employers' liability and compensation acts are used in their natural sense, and describe the conventional relation of employer and employee [Hull v. Philadelphia & R. R. Co., 252 U. S. 475, 40 S. Ct. 358, 64 L. Ed. 670; Southern Surety Co. v. Shoemake (Tex. Com. App.) 24 S.W.(2d) 7; Shannon v. Western Indem. Co. (Tex. Com. App.) 257 S. W. 522], and that one who contracts to do a specific piece of work, has the right to adopt his own means and methods, is not controlled as to details by the employer, but is wholly independent except as to final results, is not an employee, but an independent contractor [3 Words and Phrases, Third Series, 204; Gailey v. State Workmen's Ins. Fund, 286 Pa. 311, 133 A. 498; Rawson v. Jones-Winifrede Coal Co., 100 W. Va. 263, 130 S. E. 492, 43 A. L. R.

330; Kelley's Dependents v. Hoosac Lumber Co., 95 Vt. 50, 113 A. 818; Maryland Casualty Co. v. Kent (Tex. Civ. App.) 271 S. W. 929; Id. (Tex. Com. App.) 3 S.W.(2d) 414; Taylor v. Haynes (Tex. Civ. App.) 19 S.W.(2d) 850; Haynes v. Taylor (Tex. Com. App.) 35 S.W.(2d) 104].

█ Appellees, conceding that this is the general rule, contend that, since the injury flowed from the failure of defendant to perform a nondelegable duty owing by the general contractor to deceased, appellee car company, though ordinarily to be classed as an independent contractor and not as a "servant, agent or employee," must here, because in law it would be considered an agent or servant for whose act its employer is liable, be held to be an agent, servant, or employee within the meaning of section 3, art. 8306, against whom the deceased could have no cause of action.

This position confuses and seeks to blend two legal theories—one that upon which by general law the liability of both general contractor and subcontractor to third persons is preserved despite the independent subletting; the other the right primarily of the employee of a subscriber, who has protected his liability by insurance, and of the insurance carrier by subrogation under section 6a, art. 8307, to sue a third person.

Appellees in support of their position cite cases from other states decided under varying statutes, ranging from that of the state of Washington, which has abolished common-law liability, and made compensation an exclusive substitute; of Maryland and Massachusetts, making a general contractor in effect a statutory insurer. State v. Benjamin Bennett (Md.) 140 A. 52; White v. Maccomber, 244 Mass. 195, 138 N. E. 239; of Kentucky, making provision for the protection of all persons "engaged upon the subject-matter of the contract," when "the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work," McEvilly v. Myers, 211 Ky. 31, 276 S. W. 1068, 1071; and of other states with their particular differences and variations, for which see full notes and authorities cited in Pittsburgh, C., C. & St. L. R. Co. v. Parker, 191 Ind. 686, 132 N. E. 372, 134 N. E. 890, 19 A. L. R. 756; O'Brien v. Chicago City R. Co., 305 Ill. 244, 137 N. E. 214, 27 A. L. R. 493; Reutenik v. Gibson Packing Co., 132 Wash. 108, 231 P. 773, 37 A. L. R. 838; Foster v. Congress Square Hotel Co., 128 Me. 50, 145 A. 400, 67 A. L. R. 249.

It would be a sufficient answer to these citations, had the particular question here presented not been already decided in Texas, to point to the difference between the statutes construed in those cases and the Texas statute, and to show that in principle they do not apply. This is made unnecessary, however, by the fact that the precise question raised here has been already fully discussed and decided adversely to appellees in the case of Taylor v. Haynes (Tex. Civ. App.) 19 S.W.(2d) 850, same case Haynes v. Taylor (Tex. Com. App.) 35 S.W.(2d) 104, 107, in which upon full consideration it was decided that one who, while performing work for a subscriber, causes injury to an employee of that subscriber, was liable to the injured employee under section 6a, art. 8307, if he was in fact an independent contractor, "one whom the employer has no right to control as to the manner in which the work is to be done, or the means with which. it is accomplished." Cunningham v. I. R. R., 51 Tex. 503, 32 Am. Rep. 632; Wallace v. Southern Cotton Oil Co., 91 Tex. 18, 40 S. W. 399. While if on the other hand he was not such independent contractor, but a mere employee, section 3, art. 8306, would prevent any right of action against him.

The pleading in this case not only alleges over and over in express words that the appellee car company 'was an independent contractor, but it alleges the facts which if true, make it such.

Since appellant's petition stated a cause of action against the defendant on which it was entitled to go to the jury, and the action of the court below in sustaining exceptions to it was error, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.