### HAYNES v. TAYLOR.
#### Motion No. 9475; No. 1387—5566.

Commission of Appeals of Texas, Section A. May 20, 1931.

CRITZ, J.

The original opinion in this case is reported at 35 S.W.(2d) 104. We refer to that opinion for a statement of the case, and our original rulings thereon.

. The defendant in error, J. M. Taylor, earnestly insists that our original opinion is in conflict with the opinion of Section B of the Commission in Oilmen's Reciprocal Association v. Gilleland, 291 S.W. 197, and with the opinion of the Court of Civil Appeals in Texas Employers' Ins. Ass'n v. Sewell, 32 S.W.(2d) 262. In our opinion our holding in this case is not in conflict with either of the above cases.

In the Gilleland Case, supra, it is shown by the opinion that the employer was a laundry company. Gilleland was employed by the laundry company as a bricklayer to wall the sides of a water well for the laundry company. While so engaged he was killed. The laundry company carried compensation insurance for its employees. Under the above facts Judge Powell, speaking for Section B of the Commission, held that Gilleland's heirs could not recover on a compensation insurance policy which covered the laundry's employees because the deceased was not engaged in the employer's usual business.

In the Sewell Case, supra, it was held that a person employed by a textile company to paint cottages being constructed for the employees of the mill to live in, and who was injured while performing such work, was not protected by the compensation insurance carried by the mill because the work of painting the cottages in question was not employment within the usual course of the business of the textile mill.

In the instant case Taylor was an employee of the hotel company in the usual course of its business in running a hotel and as such recovered compensation for his injuries from the insurance company protecting the hotel company's employees. This was his right.

Under the plain terms of section 3 of article 8306, R. C. S. of Texas 1925, the hotel company was protected by our Compensation Act. The very same article and section of the statute which protects the hotel company protects Haynes as the agent of the hotel company. If Haynes, who was employed by the hotel company to superintend the improvements being made by it, had been injured while doing such work, and was applying for compensation as an employee of the hotel company, the rule announced in the Gilleland and Sewell Cases would have application.

We recommend that the motion for rehearing filed herein by the defendant in error, J. M. Taylor, be in all things overruled.