**HARBOUR et al. v. GRAHAM MFG. CO.**
**No. 4136.**

Court of Civil Appeals of Texas. Texarkana.
March 9, 1932.

Rehearing Denied March 17, 1932.

S. P. Jones and Franklin Jones, both of Marshall, for appellants.

George Prendergast and F. H. Prendergast, both of Marshall, and Edwin Lacy, of Long-view, for appellee.

LEVY, J. (after stating the case as above).

The error assigned is the giving of a peremptory instruction to the jury to return a verdict for the defendant in the case. In the

question presented there is involved two sub-questions which we shall consider in their order.

Did the evidence raise an issue of negligence vel non? At the time of the injury the deceased was at work on the boiler, owned by appellee and located upon its premises, in the performance of work contracted by his employer to be done for the owner of the property. He received an electrical shock, from which he instantly died, when he handled an electric light socket and extension cord which had been connected up in the boiler to give light therein. Although the evidence is not definite, yet there arises an inference that the socket and extension cord was obtained from the boiler room and connected up in the boiler for use therein by one of the two employees of appellee while they were employed in tearing away the grate in the back of the boiler, and that they left it there connected up before the deceased went into the boiler to work. At least, in the circumstances, it is believed that an issue of negligence vel non in such respect arises for the jury to decide. In accordance with the general rule the owner of the property who is the contractee of the work would not be absolved from the duty to exercise reasonable care and diligence to conserve the safety of the person rightfully at work thereon, against dangerous conditions or instrumentalities in use on such premises. It is not necessary for the plaintiff to show actual negligence on the part of the owner himself. It is enough to show that the two employees provided to tear away the back wall or grate in the boiler, acting in the course of their employment, placed the defective cord in the boiler, and left it there, and that they knew or could have known of the defect causing the injury in suit.

The further point is, Was a legal liability created in appellee company to pay damages in respect to the injury under the circumstances shown? The decision of this point becomes necessary because it was shown that the appellee was a subscriber to the Workmen's Compensation Law. Section 3 of article 8306 of the law would prevent any right of action for damages in the case the deceased would be legally classed as the employee of the appellee. Under that section the insurer only, and not the employer, would be liable for the compensation provided. It was affirmatively shown that the Longview Iron Works was a subscriber to the Workmen's Compensation Law, operated by Mr. Guy McKay, and that the insurer by an award made by the Industrial Accident Board paid the beneficiaries of the deceased, as being an employee, compensation for the very injury in suit. The evidence further goes to affirmatively show that the deceased was an employee of the Longview Iron Works, and was not an employee of and nothing more

than a third person to the appellee company. The deceased was in contractual relation with the Longview Iron Works only. The Longview Iron Works had contracted with the appellee company to perform specific work upon its premises for a stipulated sum. Such independent contractor employed the deceased by the day to do the work contracted to be done. Section 6a of article 8307, as applicable, reads: "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof." It is believed that appellee could be held liable under section 6a above. Haynes v. Taylor (Tex. Com. App.) 35 S.W.(2d) 104; Id. (Tex. Com. App.) 38 S.W.(2d) 1101; Hoffman v. Houston Clinic (Tex. Civ. App.) 41 S.W.(2d) 134; Ins. Co. v. Car Co. (C. C. A.) 49 F.(2d) 73; Furnace Co. v. Shachovsky, 111 Ohio St. 791, 146 N. E. 306; and other cases.

It is settled that under the above provision the insurance carrier is entitled to a subrogation to the rights of the beneficiaries against the third person causing the injury. Consolidated Underwriters v. Kirby (Tex. Com. App.) 267 S. W. 703. Even though the insurance carrier refuses to bring such suit, the beneficiaries may do so upon proper allegations making the insurance carrier a party defendant. This point may be readily adjusted in another trial.

The judgment is reversed, and the cause remanded for trial.