## STANDARD ACCIDENT INS. CO. v. PENN-SYLVANIA CAR CO. et al.

### No. 6621.

Circuit Court of Appeals, Fifth Circuit.
Feb. 13, 1933.

Rehearing Denied March 8, 1933.

J. Cleo Thompson and John White, both of Dallas, Tex., for appellant.

James P. Swift, of Dallas, Tex., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Plaintiff, an insurance carrier, alleging that it had paid compensation on account of the death of Zack Smith, deceased, and that the death occurred under circumstances "creating a legal liability in" defendant, sued to enforce its statutory right to subrogation to Smith's cause of action (Rev. St. Tex. 1925, art. 8307, § 6a). This is the second appeal.

The first appeal was from a judgment on demurrer dismissing the cause for the insufficiency of the petition. (C. C. A.) 49 F.(2d) 73. On that appeal the position taken was not that the petition was defective in failing to show negligence on the part of defendant, but that the negligence alleged was that of a servant of the general contractor, and therefore not actionable under the statute. It was argued that since the duty to furnish protective flooring was a nondelegable one, there could be no independent contract about it. On that appeal, we, on full consideration, rejected this view. We held that defendant was not an agent, servant, or employee of the general contractor for whose negligence the employees or subscribers could have no action, but that it was an independent contractor, and liable to Smith for its negligence in the premises. We reversed the cause for trial on its merits. 49 F.(2d) 73.

On this trial plaintiff stood on the same pleading. At the close of plaintiff's evidence, which conformed to its pleading, the District Judge, notwithstanding our holding on the former appeal that the petition stated a cause of action, instructed a verdict for defendant. He thought that plaintiff's suit was on the contract which defendant had made with the general contractor to provide for him the protective flooring which the statute required (Rev. St. Tex. 1925, art. 5182). He held that defendant was not liable to plaintiff on the contract, and, further, that since the statute imposed the duty upon the general contractor to provide protective flooring, defendant was under no legal duty to the plaintiff either to provide the flooring or to avoid injuring plaintiff by letting materials with which its men were working fall on him from above. Appellant urges that the District Judge has entirely misapprehended the case; that appellant's suit was not on a contract; it was in tort for defendant's negligent conduct of the work it had undertaken to perform. It argues also that our decision on the former appeal that the petition stated a cause of action settled the law of the case; that it was not open to the trial judge to take any different view; that plaintiff, having proved the case it pleaded, was entitled to a jury verdict on it.

We think it plain that appellant is right. Plaintiff did not sue in contract; it sued in tort. While it did allege defendant's agreement with the general contractor to provide the protective flooring required by statute to prevent injury to persons working in the building while it was being constructed, and

that had this flooring been provided as agreed Smith would not have come to his death, it alleged this contract not as its cause of action, but by way of inducement. Its action was for the negligence of the defendant in handling heavy material in the course of its work on the building in the performance of its contract in such way and under such circumstances as that part of it fell upon plaintiff working below. 26 R. C. L., p. 758; Flint & Walling Mfg. Co. v. Beckett, 167 Ind. 491, 79 N. E. 503, 12 L. R. A. (N. S.) 924. To say that because the statute puts the primary duty on the general contractor to furnish protective flooring, defendant was, under the circumstances of this case, under no duty of care to plaintiff and others working below not to permit planks, bricks, etc., with which it was working on the upper floor to fall on and injure them, is to turn a statute designed to protect workingmen from injury into a shield protecting from liability all others than the general contractor who negligently injure them.

The judgment is reversed, and the cause remanded, with directions to proceed further in accordance with this opinion.