### FAULKNER v. KLEINMAN et al.

### No. 9090.

Court of Civil Appeals of Texas. Austin.

Jan. 21, 1942.

Rehearing Denied Feb. 18, 1942.

Clyde Vinson and W. A. Anderson, both of San Angelo, for appellant.

Upton, Upton & Baker, of San Angelo, for appellees.

BLAIR, Justice.

Appellant, Mrs. Ruby Faulkner, sued appellees, Mrs. F. H. Kleinman and her husband, F. H. Kleinman, for personal injury damages, basing her suit upon three alternative counts:

1. That Mrs. Kleinman committed an assault and battery on appellant by throwing a hat at her with force and violence, and with intent to injure her, which hat struck some hat stands on a nearby table, toppling them over, and that one or more of them struck her causing injury to her arm and head and consequent injury to her nerves; and praying for both actual and exemplary damages.

2. In the alternative that Mrs. Kleinman did "with gross negligence hurl said hat towards" appellant, which struck some hat stands, knocking one or more of them against appellant's arm and head, causing the injuries complained of; and praying for both actual and exemplary damages.

3. In the alternative that Mrs. Kleinman negligently threw the hat, which negligence proximately caused the injury to appellant's arm and head; and praying for actual damages.

The trial court sustained a special exception to the count based on gross negligence because insufficient facts were alleged to show such negligence. This action is assigned as error.

The pleadings were insufficient to allege a cause of action based on gross negligence. The allegation that Mrs. Kleinman did "with gross negligence hurl said hat towards" appellant is but a conclusion of the pleader and is not based upon any fact or circumstance pleaded which if proved would constitute "gross negligence" as that term has been defined. Gross negligence as a basis for a cause of action must be drawn from particular facts of the case, and such facts must be alleged which if proved would show a case of gross negligence. The pleader is required to be more specific and to allege at least sufficient facts to apprise his adversary of the kind of proof that he will offer to show gross negligence. Texas Pac. Coal & Oil Co. v. Robertson, 125 Tex. 4, 79 S.W.2d 830, 98 A.L.R. 262; Metzger v. Gambill, Tex.Civ.App., 37 S.W.2d 1077; Standard Paving Co. v. McClinton, Tex. Civ.App., 146 S.W.2d 466; Bell v. Smith, Tex.Civ.App., 6 S.W.2d 778.

This question would not be material, however, if the finding of the trial court at the conclusion of the evidence that appellant was covered by workmen's compensation insurance for the injuries alleged to have been received by her is correct; because an injured employe's common law right of action for gross negligence was abrogated by the workmen's compensation act (Art. 8306, R.S.1925, Vernon's Ann.Civ.St. art. 8306). Such common law right of action for gross negligence is preserved by the act only when the employe's injury results in death. Castleberry v. Frost-Johnson Lbr. Co., Tex.Com.App., 283 S.W. 141, affirming Tex.Civ.App., 268 S.W. 771; Ft. Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397; 45 Tex.Jur., 393–396, §§ 27–29.

We are of the view, however, that the trial court did err in withdrawing from the jury at the conclusion of the evidence consideration of the third count based on ordinary negligence. Appellant testified that she filed a claim with the Industrial

Accident Board for the injuries in question, which was approved by the Board, and the company carrying the insurance mailed her a check for a certain amount as payment in full of her claim; which check she refused because she did not believe she had fully recovered at that time. If appellant and Mrs. Kleinman were both insured by a common employer, then her right of action based on ordinary negligence was abrogated by Art. 8306, which provides that an employe of a subscriber shall have no right of action against the employer, or against any agent, servant, or employe of the employer for damages for personal injury except when the injury occurs through wilful acts or omissions. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556.

■ Appellant contends, however, that the action of the court in withdrawing the issue of negligence from the jury was error because the evidence did not establish as a matter of law that she was an employe of the Fashion Shop, a corporation owned and operated by Mr. and Mrs. Kleinman and another; nor that it carried insurance on her as an employe, appellant having received her injuries in its place of business. She testified that she was employed solely by the Leader Millinery, a corporation owned by other parties, and that it used or leased a part of the premises of the Fashion Shop to carry on its hat business. This was denied by the appellees Kleinman, who alleged and testified that the entire business was operated under the name of the Fashion Shop and under an arrangement whereby hats were sold, and after paying labor and other expenses appellees accounted for all sales to the Leader Millinery, retaining 15% of the gross receipts under the arrangement made. It was also shown that the employes of the Fashion Shop helped in the millinery department as well as the ready to wear department when needed; and while appellant denied that she worked in the ready to wear department, others testified that she did so. Appellee F. H. Kleinman testified that appellant was an employe of the Fashion Shop under the arrangement made by him with the Leader Millinery, and that the Fashion Shop carried workmen's compensation on all of its employes; but that he did not know if appellant were listed as its employe with the insurance carrier, and that he did not notify either the insurance carrier or the Industrial Accident

Board of her injury. Appellees did not allege that both appellant and Mrs. Kleinman were employes of the Leader Millinery at the time of her injuries; nor that that corporation carried compensation insurance on them, although there was testimony to that effect. If appellant and Mrs. Kleinman were employes of a common employer, then appellant could not recover on her negligence or gross negligence counts. Haynes v. Taylor, Tex.Com.App., 35 S.W.2d 104; Id., Tex.Com.App., 38 S.W.2d 1101. The evidence on the issue was conflicting, as above detailed.

We pretermit a further discussion of the evidence on this issue, and suggest that if the evidence is conflicting on another trial as to whether insurance was carried by the Fashion Shop on appellant, or under proper pleadings whether appellant and Mrs. Kleinman were both employes of the Leader Millinery, the issue should be submitted for a determination of the jury.

The workmen's compensation act does reserve an employe's right of action for injury resulting from wilful acts or omissions, and in submitting appellant's case based upon assault and battery the court submitted eleven special issues to the jury. The first issue submitted unavoidable accident, and the ten remaining issues related to appellant's cause of action for assault and battery. The jury answered special issue No. 1 that the injuries sustained by appellant were the result of an unavoidable accident.

In answer to special issue No. 8, they found that appellant was struck across the arm at the wrist by one of the hat stands; and they found in answer to special issue No. 11 that appellant was entitled to exemplary damages in the sum of $100. These three issues were the only issues answered by the jury. The trial court accepted these answers and verdict, and rendered judgment for appellees thereon; the basis for the action being that since the jury found the injuries sustained by appellant were the result of an unavoidable accident, it was not required to answer any other questions, and the trial court could render judgment based upon such verdict of the jury.

The rule applied by the trial court was the one that where a jury answers a part of the special issues and does not answer others, if on examination by the trial court it is found that they have answered sufficient

questions to support a judgment, a mistrial will be averted by accepting their verdict and rendering judgment thereon. 41 Tex. Jur. 1220, 1223. However, this can only be done in instances where the jury's answers to special issues are not in conflict with other issues answered by the jury. In the instant case the jury found that appellant's injuries were the result of an unavoidable accident, that she was struck on the wrist by one of the falling hats; which last issue was merely evidentiary and could be disregarded. However, the jury found in answer to issue No. 11 that appellant was entitled to receive $100 as exemplary damages. This answer necessarily required the belief on the part of the jury that Mrs. Kleinman was guilty of assault and battery upon appellant; because the trial court fully and carefully defined exemplary damages, instructing the jury that such damages could be recovered only "where there is a malicious and wilful disregard and invasion of the rights of another," and that "such damages are intended as a warning and example to prevent the commission of like wrong, and are punitive in their character and awarded for public good and not to enrich the plaintiff." The words "maliciously" and "wilfully" as used in connection with the instruction on exemplary damages were also defined and as meaning an act committed with mischievous intent, voluntarily and regardless of the rights of others. These definitions clearly informed the jury that exemplary damages could be allowed only where the acts complained of were done with malice, etc.; and the jury's answer finding such damages was clearly in conflict with its finding that appellant's injuries were the result of an unavoidable accident.

This conflict is present on the face of the verdict, and the trial court was required to take it into consideration before it could render judgment upon the issues answered by the jury. The evidence was sharply conflicting upon the issue of whether or not appellee Mrs. Kleinman committed assault and battery upon appellant. The rule sought to be invoked by appellees applies only where all of the answers of the jury would authorize a judgment either for one or the other party to the suit, and does not apply where some of the answers are favorable to one party and some favorable to another; and where such facts and findings appear in the answers the law requires the trial judge to set aside the findings of

the jury and grant a new trial. 41 Tex.Jur. 1220–1228.

The trial court's judgment is reversed and the cause is remanded.

Reversed and remanded.