Millie Jo WARD et vir, Appellants,

v.

L. M. WRIGHT, Appellee.

No. 17390.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 12, 1973.

Rehearing Denied Feb. 16, 1973.

Law Offices of George Busch, Inc., and
Laurance L. Priddy, Forth Worth, for ap-
pellants.

Cantey, Hanger, Gooch, Cravens & Munn, and William B. David, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

The question to be resolved on appeal is whether one who is or may be liable in damages for negligent tort causing injury to another is relieved of such liability by the provisions of Vernon's Ann.Tex.St., Art. 8306, Sec. 3 when his or her employer, a subscriber under the provisions of Texas Workmen's Compensation Law, is also the employer of the injured party. In connection therewith the circumstances by reason of which the injury was sustained was in no way connected with any act performed or committed in the capacity of employee or servant of such employer, either on the part of the party who was injured or the party who negligently caused the injury; however, because such occurred while the injured party was on the premises of the employer the disability resultant from the injury was compensable under the provisions of the Compensation Act, which compensation was claimed by the party injured and paid by the insurance company.

Afterward the plaintiff, Millie Jo Ward, joined by her husband and the intervenor insurance company which had paid Mrs. Ward the benefits under the Texas Workmen's Compensation Law, brought suit against L. M. Wright for negligent tort. Mrs. Wright moved for summary judgment on the ground that the employer of both herself and Mrs. Ward was the same and that therefore, by the provisions of statutory law, any liability which might otherwise have existed was unenforceable by reason of the provisions of V.A.T.S., Art. 8306, Sec. 3. The trial court agreed with Mrs. Wright, the defendant, and rendered summary judgment in her favor.

We reverse such judgment.

In considering the question to be determined it is well to keep in mind the applicable law which supports the claim of the intervenor insurance company. It is V.A. T.S., Art. 8307, Sec. 6a, "Recovery from third person; subrogation; compromise", which, abbreviated, provides: "Where the injury . . . was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, . . . . If compensation be claimed under this law . . . then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce . . . the liability of said other person . . . ." Obviously, if the suit of Mrs. Ward, plaintiff, may not be maintained, neither could the intervenor's subrogated action be maintained.

V.A.T.S., Art. 8306, "Damages and compensation for personal injuries", Sec. 3, "Exclusiveness of remedy; exemption of compensation from legal process; assignability; recovery from third persons; liability of subscriber", provides in material part that "The employees of a subscriber . . . shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, . . . but such employees . . . shall look for compensation solely to the association . . . ." It was upon a belief that this provision foreclosed plaintiff's right to maintain a suit for damages for negligent tort that defendant was granted summary judgment.

In the case of Heibel v. Bermann, 407 S.W.2d 945 (Houston Civ.App., 1966, no writ hist.) there would appear to be a fact issue raised as to whether the tort feasor departed from her status as a co-employee of the plaintiff and willfully attacked and injured her (on the premises of the employer of both of them). Plaintiff was engaged in performing the duties assigned to her and did not cease such activity up until the time of her injury. Nevertheless, the Houston Court of Civil Appeals held that since the defendant was a fellow employee of the plaintiff at time her injuries were

inflicted plaintiff's right to recover common law damages in tort of defendant was foreclosed by Art. 8306, Sec. 3. An authority cited was the case of Jones v. Jeffreys, 244 S.W.2d 924 (Dallas Civ.App. 1951, error refused). There Jeffreys, who was sued as a defendant for willful tort, was the employer of plaintiff Jones at time of the occurrence. In view of that fact we do not consider the holding in Heibel v. Bermann by the Houston Court supported thereby.

In the case of Faulkner v. Kleinman, 158 S.E.2d 891 (Austin Civ.App., 1942, writ ref., w. o. m.) the court stated (p. 893): "If appellant and Mrs. Kleinman (alleged to have negligently caused plaintiff's injury) were both insured by a common employer, then her right of action based on ordinary negligence was abrogated by Art. 8306 . . . ." As authority the case cited is Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556 (1916). Under the particular circumstances of *Faulkner* the statement quoted would be dicta.

Middleton v. Texas Power & Light Co. was decided before 1923 when the 38th Legislature added immunity of agents, servants and employees to that which had been granted to their employer by the original Act. On this we will write at a later point in the opinion.

In any event language in *Middleton* is informative, especially on pages 560 and 561 of the opinion as printed in the Southwestern Reporter. There Chief Justice Phillips wrote upon the effect of the Act as originally written. He pointed out that but for the provisions of the Act an injured employee in instances of injury by act of fellow employees would be restricted in his remedy against his employer to an injury shown to have been sustained by reason of negligence of fellow employee(s) for which the employer was responsible. In other words, even as applied to injury he might sustain under circumstances where fellow employees might be responsible he would have no right to recover from his employer. It was pointed out that the Workmen's Compensation Law simply changed the common law rule of liability, on which it was written: "It in effect declares that such employers shall no longer be liable as under that rule, but shall be liable according to the rule prescribed by the Act. . . ." The entire tenor of the opinion devotes itself to the matter of injury to employees from which the employer might be held liable, whether directly or where by reason of the negligence of an agent or servant the employer might be liable in damages under common law rules.

The situation in the case before us, as it must be viewed for summary judgment purposes, was as follows: Both plaintiff and defendant were on their respective lunch hours. It was the intention of each of them to depart their employer's premises for lunch. They entered automobiles and were in the process of leaving the parking lot, defendant driving her automobile immediately behind that of the plaintiff, when these two vehicles collided by reason of the defendant's negligence. By reason of the collision the plaintiff's injury was sustained. By the foregoing it is obvious that the parties' common employer would not, under the *respondeat superior* doctrine, have been responsible for the negligence of either of the parties to the automobile collision.

As previously indicated our holding, contrary to the holding of the Houston Court of Civil Appeals in Heibel v. Bermann, supra, is that plaintiff's suit may be maintained. Our holding is persuaded largely on the strength of what was written in McKelvy v. Barber, 381 S.W.2d 59, 62 (Tex.Sup., 1964), and also from inferences to be drawn from what was written on motion for rehearing in the case of Haynes v. Taylor, 35 S.W.2d 104, 38 S.W. 2d 1101 (Tex.Comm.App., 1931). We are of the opinion that Texas either has or should align itself with these states which hold tort suits of this character properly

maintainable *unless* the liability sought to be imposed on the co-employee, agent or servant is such that the employer subscriber would be or could be likewise held liable by the doctrine of *respondeat superior*.

■ Thus, we hold that since the defendant was not at the time and place of the accident, an agent, servant or employee acting within the scope and course thereof for the parties' common employer plaintiff's suit against her may be maintained.

We have stated our reliance on McKelvy v. Barber, Tex.Sup., 381 S.W.2d 59. At page 62 of the opinion, in speaking of Art. 8306, Sec. 3, it was written by Justice Walker, ". . . An agent, servant or employee within the meaning of this statute is ordinarily one for whose conduct the employer would, aside from the Workmen's Compensation Act, be legally responsible under the doctrine of respondeat superior. The statutory immunity does not extend, for example, to an independent contractor. (Citing cases.) The injured claimant may thus be entitled to recover in a third-party action even though the defendant would be regarded as the employer's agent for some purposes. An important consideration in such cases is whether the employer had that right to control the physical details as to manner of performance which is characteristic of the relationship of master and servant. (Case cited.)"

■ Following the Supreme Court opinion in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517 (1922) the Texas Legislature at its very next session, added the provision to Art. 8306, Sec. 3, providing not only that a subscribed to Workmen's Compensation Insurance was exempted from suit at common law by an injured employee entitled to the benefits of such security, but that his agents, servants and employees should likewise be protected. Laws of Texas, 38th Legislature, Regular Session, General Laws, p. 384, "Amending Workmen's Compensation Law". On this see Haynes v. Taylor, 35 S.W.2d 104, 106, 38 S.W.2d 1101, supra. By rules of statutory construction it is our holding that the agents, servants and employees thus protected were meant to be those who at the very time of another's injury (for which they might, but for the Workmen's Compensation Law, be liable in damages) were acting as such in a manner and under such a situation as to constitute their action that of their subscriber employer. See 53 Tex. Jur.2d, p. 180, "Statutes", Sec. 125, et seq., upon the matter of matters to be considered in a construction of a statute.

The defendant, herself, if she also had sustained personal injuries in the same accident, would have been entitled to Workmen's Compensation Insurance benefits (because of the fact that such injuries were sustained while she was still upon the premises of her employer and it being assumed in absence of evidence to the contrary that she had "elected" to be covered by her employer's policy of Workmen's Compensation Insurance). Our holding includes the decision that such fact would have no bearing upon the right of the plaintiff to maintain the suit.

In other jurisdictions much has been written upon the subject. See 21 A.L.R.3d 845, Annotation: "Right to Maintain Direct Action Against Fellow Employee for Injury or Death Covered by Workmen's Compensation." On the philosophy underlying the holdings in the different jurisdictions, see Larson's Workmen's Compensation Law, Vol. 2, Ch. XIV, "Third Party Actions", Sec. 72.20, "Employer and co-employees immune", and succeeding sections.

Summary judgment is reversed, and the cause remanded for a trial on the merits.