## RIFKIN v. OVERBEY.

### No. 2339.

Court of Civil Appeals of Texas. Eastland.

March 19, 1943.

Rehearing Denied April 16, 1943.

W. D. R. Owen, of Eastland, for appellant.

T. M. Collie, of Eastland, for appellee.

GRISSOM, Justice.

Albert P. Overbey instituted this suit against Louis Rifkin to recover for labor done and material furnished in the erection of a building by Rifkin and to foreclose a laborer's and materialman's lien on the building. Plaintiff alleged that in making the contract, under which plaintiff and his helpers performed the labor and furnished the material for the erection of defendant's building, the defendant acted through W. E. Harrell, his agent, servant and employee. Defendant answered, among other things, that Harrell was an independent contractor and not his agent. The jury found that Harrell was the duly authorized agent of Rifkin in his dealings with Overbey and not an independent contractor. There was a judgment for plaintiff against defendant for $161.71, and for foreclosure of the lien. Rifkin has appealed.

Appellant asserts that the court erred in overruling his plea in abatement and special exception because Harrell was an independent contractor and a necessary party to the suit. Defendant's plea in abatement consists merely of an allegation that the contract, if made, was made by Harrell and not by defendant. Defendant's exception was that the petition was insufficient because it appeared therefrom that Harrell should be joined as a defendant "because he is a necessary party to this suit in that he made the alleged contract sued upon by plaintiff * * *". If, as plaintiff alleged, Harrell made the contract as the agent of Rifkin, the disclosed principal, Harrell, was not a necessary party. 2 Tex. Jur. 645; 2 C.J. 901; 3 C.J.S., Agency, § 303. "A necessary party is one who is so vitally interested in the object or subject matter of the suit that a valid judgment cannot be rendered without his presence." Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 11, 133 S.W.2d 767, 771, 145 S.W.2d 569; Adams v. Bankers Life Co., (Com.) 36 S.W.2d 182; 32 Tex.Jur. 14, 16. The plea in abatement did not state that Harrell was an independent contractor nor deny he was defendant's agent. It was insufficient in that it did not "'show definitely and specifically the nature and extent of the interest of such person who is claimed to be a necessary party'". Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 12, 133 S.W.2d 767, 771, 145 S.W.2d 569. If, as plaintiff alleged, in making the contract defendant acted through Harrell, and Harrell was the duly authorized agent of defendant, then, of course, defendant's liability would be the same as if he had made it in person. If, as defendant asserted, Harrell was not his agent but an independent contractor, then defendant would not be liable for payment of the debt. If an agent of a disclosed principal Harrell was certainly not a necessary party. The court did not err in overruling defendant's plea in abatement and exception. 32 Tex.Jur. 15; 2 Tex.Jur. 645; 2 C.J. 901; 3 C.J.S., Agency, § 303; Wade v. Wade, Tex.Sup., 167 S.W.2d 1008, 1009; Hoover v. Hamilton, Tex.Civ.App., 14 S.W.2d 935, 939, writ refused; American Surety Co. v. Austin, Tex.Civ.App., 5 S.W.2d 626; Gay v. Acme Brick Co., Tex.Civ.App., 15 S.W.2d 725, 728, writ refused; Saulsbury v. Anderson, Tex.Civ. App., 39 S.W.2d 142, 147, writ dismissed; Miller v. Sullivan, 89 Tex. 480, 35 S.W. 362; Williams v. Robinson, 63 Tex. 576.

Many of defendant's points are based upon the proposition, or assume, that there was no evidence Harrell was Rifkin's agent; that the evidence showed conclusively, as a matter of law, that Harrell was an independent contractor. It is admitted that when the contract was made with plaintiff and at the time of the trial, Harrell was Rifkin's employee and manager. Defendant simply contends that as to the erection of the building Harrell was acting in a different capacity, that is, as an independent contractor. Mr. Rifkin and his employee, Mr. Harrell, testified in substance that there was an oral contract between them that Harrell was to erect the building originally contemplated, that is 50 x 40 feet, for "not to exceed" $6,500; that Rifkin was to pay all bills approved by Harrell up to that amount. They admit many changes were made as they went along; that there has been no settlement between them; that Rifkin was present

when the contract was made with plaintiff and while the work was being done. The building originally contemplated, and which Harrell was to erect for a price "not to exceed" $6,500, according to his testimony, was a two story building 50 x 40 feet. The building actually erected, on the first floor, was 50 x 100 feet. There is no specific testimony as to the agreement between Rifkin and Harrell as to the building actually erected and in which plaintiff did the electrical wiring. Plaintiff's job was to do the electrical wiring and place and connect the electric motors in the building finally erected.

From the evidence of defendant and Harrell, the jury could have concluded Harrell was an independent contractor. Much of their testimony was vague and indefinite and sometimes apparently evasive, particularly with respect to Rifkin's right to exercise control over methods and details and to direct how the desired result was to be obtained. There is scant testimony, if any, showing the situation that existed as to such matters after the original plan, to erect a building 50 x 40 feet, was abandoned. For example, there is evidence tending to show that originally it was contemplated that the electric wiring, done by plaintiff, was to be done with old wire then owned by Rifkin; that this idea was abandoned and plaintiff directed to obtain and install new wire. Whether only the originally planned part of the building, 50 x 40 feet, or the finally erected building 50 x 100 feet, was wired by plaintiff, is not shown. After careful consideration of all the evidence, we are of the opinion that the evidence of defendant and his employee Harrell did not show conclusively, as a matter of law, that Harrell was an independent contractor; that there was evidence from which the jury might conclude, as they did, that Harrell was an agent rather than an independent contractor.

In Ochoa v. Winerich Motor Sales Co., 127 Tex. 542, 548, 94 S.W.2d 416, 418, Judge Smedley quotes from the opinion of Judge Brown in Taylor, B. & H. Ry. Co. v. Warner, 88 Tex. 642, 32 S.W. 868, as follows: " 'Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the person for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist.' "

Harrell testified that since he had stopped driving a truck and selling defendant's bottled drinks he had been employed by defendant as his manager; that when he made the contract with plaintiff, Rifkin was paying him $36 per week; that at the time of the trial he was still drawing the same salary; that he was Rifkin's manager. It may be that at the time the original building was planned that it was understood between Rifkin and Harrell that Harrell was to construct a building 50 x 40 feet for $6,500; that Rifkin was to pay all bills incurred in the erection of the building which were approved by Harrell up to $6,500; that Harrell, in addition to his salary as defendant's manager, was to be paid the difference, if any, between the cost of the building and $6,500, if the building cost less than $6,500, and that Harrell was to bear the loss if the cost of such building exceeded $6,500. If such was the agreement there was no definite testimony to that effect. As to what their agreement was after it was decided to extend the first floor 60 feet is left to speculation. Defendant has not established conclusively that at the time he contracted with plaintiff, and in so contracting, he was an independent contractor. Ochoa v. Winerich Motor Sales Co., supra; Haynes v. Taylor, Tex.Com.App., 35 S.W.2d 104, 107, reversing Taylor v. Haynes, Tex.Civ.App., 19 S.W.2d 850; Jones v. Fann, Tex.Civ. App., 119 S.W.2d 735, 737; Liberty Mut. Ins. Co. v. Boggs, Tex.Civ.App., 66 S.W.2d 787, 791; Gibson v. Gillette Motor Transport, Tex.Civ.App., 138 S.W.2d 293; Kent v. Stoddard, Tex.Civ.App., 167 S.W.2d 1050, 1052; Le Sage v. Pryor, 137 Tex. 455, 460, 154 S.W.2d 446; McAfee v. Travis Gas Corp., 137 Tex. 314, 319, 153 S.W. 2d 442; Maryland Casualty Co. v. Kent, Tex.Com.App., 3 S.W.2d 414.

■ Defendant asserts error in overruling exceptions to plaintiff's pleadings: (1) because the affidavit and account do not show when the account became due; (2) because it is not alleged defendant was given ten days' notice before filing the lien, and (3) because it is not alleged plaintiff notified defendant, or his agent, in writing of each item as same was furnished. The account is dated January 17, 1942. It

recites: "Material delivered January 12, 13, 14, 15 and 16, 1942." The days on which the labor was performed and the number of hours of labor done each day is specifically stated. The account is dated January 17, 1942, and sworn to on January 19, 1942, and filed for record January 23, 1942. It recites that the "Total now due" is $167.21. When the account became due is sufficiently shown. Art. 5467. Stuart v. Broome, 59 Tex. 466; 29 Tex.Jur. 538. When the laborer or materialman contracts directly with the owner of the building, or his agent, as the jury found the fact to be, we do not understand that the notice provided for in Art. 5461 is required. Guarantee S., L. & Inv. Co. v. Cash, Tex.Civ.App., 87 S.W. 749. Nor do we think, under the circumstances, that plaintiff's failure to notify defendant of each item as furnished defeated the lien. While it may not be important under the facts found by the jury, we call attention to the fact that there is no evidence that defendant has paid Harrell anything on his alleged contract price for the building or that by paying plaintiff's claim he will be compelled to pay more than the asserted contract price.

We have considered all of defendant's 48 points and conclude reversible error is not shown. The judgment is affirmed.