**TEXAS LAND DRILLING COMPANY, Inc., et al., Appellants,**

v.

**FIRST STATE BANK & TRUST COMPANY OF PORT LAVACA, Texas, et al., Appellees.**

**No. 476.**

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 11, 1969.

Rehearing Denied Oct. 9, 1969.

Levey & Goldstein, Jay Sam Levey, San Antonio, for appellants.

Rhodes & Garner, George F. Rhodes, Port Lavaca, Sorrell, Anderson & Porter, James R. Sorrell, Jr., Corpus Christi, for appellees.

## OPINION

SHARPE, Justice.

This suit was brought by appellees, First State Bank of Port Lavaca, Texas and J. E. Hillier, against appellants, Texas Land Drilling Company, Inc., and Ken Clark, for possession of a portion of certain personal property, consisting primarily of an oil well drilling rig and associated equipment, upon which the Bank had foreclosed a mortgage and sold at private sale to Hillier. Alternatively, in the event neither appellee was found entitled to such possession, appellee Bank sought recovery on two promissory notes each dated August 28, 1967, in the amounts of $10,000.00 and $14,160.36, and for foreclosure on the property securing the same.

The trial court overruled appellants' motion to dismiss one of the parties plaintiff or to sever the causes of action asserted by them. The court also overruled appellants' pleas of privilege to be sued in Jim Wells County, Texas, but no separate appeal was taken from that order. Subsequently, the appellants filed an answer and cross-action asserting the invalidity of the foreclosure sale from the Bank to Hillier and praying for recovery of the mortgaged property or its value.

After non-jury trial the court rendered judgment that the sale from appellee Bank to appellee Hillier was valid; that title to the personal property was in Hillier; that Hillier had been in possession of the property described in the judgment excepting four items, and that Hillier have judgment for possession of them. The judgment further provided that appellant Ken Clark (defendant and cross-plaintiff below) recover escrowed funds from the Bank in the amount of $2,336.00; that the costs be equally divided between appellants and appellees; that all other relief prayed for not specifically granted was denied; and that appropriate writs and process for the enforcement of the judgment be granted. Findings of fact and conclusions of law were not filed.

■ Appellants assert five points of error. We will first consider appellants' point two which complains of the trial court action in overruling appellants' pleas of privilege to be sued in Jim Wells County, Texas. The record reflects that the trial court heard appellants' pleas of privilege on February 2, 1968 and overruled them on February 9, 1968. Appellants did not perfect an appeal from that order under Rule 385, Texas Rules of Civil Procedure. Trial on the merits was had on May 15, 1968 at a subsequent term of court. Appellees correctly contend that this Court is without jurisdiction to consider appellants' point two because no appeal was taken from the order overruling the pleas of privilege and the trial was held at a subsequent term of court. Inland Refining Co. v. Robinson, 152 Tex. 289, 256 S.W.2d 843 (1953); Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951 (1943). Appellants' point two is overruled.

Appellants' point one reads as follows:

"Appellees having improperly joined as parties plaintiff, since one sued for possession of personal property and the other, in the alternative, sued on a note and for foreclosure of a security agreement, the court erred in overruling appellants' motion to dismiss one of the parties plaintiff or to sever the causes of action."

Appellants have grouped their points one and two for briefing, but their principal argument under their point one is based

upon the contention that the action of the trial court in overruling their motion to dismiss one of the parties plaintiff (appellees here) or to sever the causes of action, which action was not separately appealable, led the trial court into the wrongful overruling of appellants' pleas of privilege complained of under their point two. Appellants particularly say that if the trial court had properly dismissed one of the parties plaintiff or had severed the causes of action, this case could not have been tried in Calhoun County, Texas, but would have had to be tried in Jim Wells County, Texas. Appellants could have urged any appropriate point of error relating to the overruling of their pleas of privilege by the trial court in a separate preliminary appeal, but they failed to take such action. See Duffy v. Crown Central Petroleum Corporation, 366 S.W.2d 956 (Tex.Civ. App., Austin 1963, mand.overr.). We are, therefore, here concerned with appellants' point one as it relates to the trial on the merits and aside from the question of venue.

In their first amended original petition appellees alleged in substance that appellants had defaulted on the notes due to appellee Bank; that the $10,000.00 note was secured by a security agreement and previously by a chattel mortgage on certain property consisting of an oil well drilling rig and related equipment; that the other note in the amount of $14,160.36 was secured by an assignment of accounts receivable; that the Bank foreclosed and sold said personal property securing the $10,-000.00 note to appellee Hillier with the acquiescence of appellants; that Hillier was placed in possession of all but a portion of the property and that appellants had failed and refused to give possession of the remainder of the property, which was located in Jim Wells County, to either appellee; that either or both of appellees were entitled to possession as against the appellants. The appellee Bank alleged alternatively that should neither of appellees be entitled to possession, then appellee Bank would be entitled to judgment for its debts and foreclosure of its liens.

Rules 40(a), 48 and 51, T.R.C.P., provides as follows:

"Rule 40.   Permissive Joinder of Parties

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

"Rule 48.   Alternative Claims for Relief

A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or both."

"Rule 51.   Joinder of Claims and Remedies

(a) Joinder of Claims. The plaintiff in his petition or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 39, 40, and 43 are satisfied. There may be a like joinder of cross claims or third-party claims if the requirements of Rules 38 and 97, respectively, are satisfied.

(b) Joinder of Remedies. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. This rule shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged."

■■ Under these Rules the trial court has great discretion concerning joinder of parties and causes of action, and the action of trial courts will not be disturbed on appeal except for abuse of discretion resulting in prejudice to the complainant. See Parker v. Potts, 342 S.W.2d 634 (Tex. Civ.App., Ft. Worth, 1961, wr. ref. n. r. e.); Barbee v. Buckner, 265 S.W.2d 869 (Tex.Civ.App., Austin, 1954, wr. ref. n. r. e.). We believe that the joinder of parties plaintiff and their causes of action herein was at least permissive. The only prejudice really argued by appellants allegedly resulting from the overruling of their motion is that relating to the overruling of their pleas of privilege, which action was not reviewed because of appellants' failure to perfect a timely appeal on the venue question. We are unable to find that the trial court abused its discretion in overruling appellants' motion to dismiss one of the parties plaintiff or to sever the causes of action. Appellants' point one is overruled.

Appellants' point three reads as follows:

"Appellant Ken Clark having deposited $2,336.00 with appellee First State Bank and Trust Company of Port Lavaca, Texas, appellants' note secured by the security agreement covering appellants' personal property was not in default on November 6, 1967, at the time of the alleged non-judicial foreclosure sale, and the trial court erred in failing to set aside said sale and in failing to render judgment in favor of appellants on their cross-action against appellees."

■ The record reflects that on August 28, 1967 the appellants executed two notes payable to appellee Bank, one for $10,000.00 and the other for $14,160.36. The $10,000.00 note was payable in monthly principal installments of $1,000.00 each plus interest at 6% per annum beginning September 28, 1967. That note was in renewal and extension of prior notes. The $14,160.36 note was payable on October 12, 1967, and was secured by an assignment of an account receivable in the amount of $21,769.00; but shortly after execution of the note and assignment the appellee Bank learned that the account theretofore had been pledged and other debts were against it. The president of appellee Bank discussed the matter with appellant Clark who promised to raise the money to clear things up but did not do so. No payments were made on the notes between August 28, 1967 and November 6, 1967 when the foreclosure sale was held by appellee Bank, at which latter time appellee Hillier purchased the property securing the $10,000.00 note. Appellants take the position that the $10,000.00 note was not in default on November 6, 1967, because appellant Clark, on or about October 12, 1967 had deposited in escrow with the Bank the amount of $2,336.00 to cover payments due and to become due on the note. On that date one payment was past due on the note and an-

other would become due on October 28, 1967. The record does not support appellants' stated contention. The testimony of John J. Faubion, president of appellee Bank and that of appellant Ken Clark authorized the trial court to believe and find that the amount of $2,336.00 was placed in escrow as part of an amount demanded by the Bank after the notes were in default; that appellant Clark did not want to lose the money if he could not produce the entire sum so demanded; and that the Bank was not in position to apply the escrowed funds to the notes involved. In this situation the notes were shown to be in default giving right of foreclosure and sale to the Bank. Appellants' point three is overruled.

Appellants' point four reads as follows:

"The undisputed evidence showing that the non-judicial foreclosure sale was not held in accordance with the security agreement or in compliance with the Uniform Commercial Code, the trial court should have declared such sale invalid and rendered judgment in favor of appellants upon their cross-action and erred in not doing so."

■ The record reflects that notice in writing of the foreclosure sale conducted on November 6, 1967 was not given to appellants and they say that the sale was invalid for that reason. The contention is not well taken because the judgment of the trial court upholding the sale must be sustained on the basis that the evidence shows that appellants waived such notice and consented to and agreed to the sale and its terms. The applicable rule is that a mortgagor can consent or agree to a foreclosure sale so that it will be valid as against an objection that it was not in proper form. Downey v. Taylor, 48 S.W. 541 (Tex.Civ.App., San Antonio, 1898, n. w. h.); J. M. Radford Grocery Co. v. Jamison, 282 S.W. 278 (Tex.Civ.App., Eastland, 1926, n. w. h.); and see Jacobs v. City National Bank of Fort Smith, 229 Ark. 79, 313 S.W.2d 789 (1958); 14 C.J.S. Chattel

Mortgages §§ 221, 373 & 397, pages 826, 1029 & 1048.

■ The record also reflects that on the day after the foreclosure sale appellant Clark wrote the bank and requested return of the amount of $2,336.00 which he had escrowed, reciting in his letter that the "Texas Land & Drilling Company orig. and invoice notes have been paid." On the same date, Texas Land Drilling Co. by Ken Clark, its president, also assigned to another person the account receivable which had theretofore been assigned to appellee Bank as security for the $14,160.36 note. Clark also engaged in other acts after the foreclosure sale which tend to show that he had consented to it and had also ratified the same. Clark's conduct also was sufficient to estop him and appellant corporation from complaining of the foreclosure sale. See 22 Tex.Jur.2d, Estoppel, Sec. 4, page 664, Sec. 11, page 674. Appellants' point four is overruled.

Appellants' point five reads as follows:

"The great preponderance of the evidence showing that certain items of personal property used in connection with the drilling rig in question belonged to appellant Ken Clark personally, the trial court erred in awarding title and possession thereof to appellee J. E. Hillier."

■ It was not established either conclusively or by great preponderance of the evidence that the items of personal property involved in this point belonged to appellant Clark personally. In any event the security agreement in connection with the $10,000.00 note was executed by appellant Clark as well as the other makers. That agreement also provides in part that "all substitutes and replacements for accesions, attachments and other additions to, and tools, parts, and equipment used in connection with the above property" were part of the collateral. The evidence is factually sufficient to support an implied finding of the trial court that the items of personal property in question were those which

were subject to and included in the security agreement, and it appears that the trial court properly awarded title and possession thereof to appellee Hillier who purchased them at the foreclosure sale. Appellants' point five is overruled.

The judgment of the trial court is affirmed.