**Robert SUD, Appellant,**

**v.**

**O'Neal MORRIS et al., Appellees.**

**No. 7465.**

Court of Civil Appeals of Texas, Beaumont.

March 8, 1973.

Motion for Rehearing Overruled March 29, 1973.

Raybourne Thompson, Jr., Vinson, Elkins, Searls, Connally & Smith, Houston, for appellant.

J. Edwin Smith, Smith, Schulman, Rawitscher & Cordray, Houston, for appellees.

KEITH, Justice.

Plaintiff below brought suit to recover usurious interest paid and defendants answered by a plea in abatement alleging that there were other necessary parties who were not joined as parties plaintiff. The trial court sustained the plea in abatement, gave the plaintiff fifteen days within which to make such persons parties plaintiff and, upon plaintiff declining to comply therewith, dismissed the cause.

Plaintiff alleged that in July, 1970, he and MPS Production Company, jointly and severally, executed a promissory note in an amount in excess of five hundred thousand dollars payable to the order of defendants. He alleged that he, individually, promised to pay in advance interest thereon at the rate of seven and one-half per cent per annum. It was his contention that the note was executed in connection with the purchase of a tract of land described therein and that the note (which was attached to the pleading) was "backdated to December 31, 1969" although the transaction was entered into in July, 1970. By reason of these facts, he claimed that he was required to and did pay interest for the year 1970 in excess of fifteen per cent per annum. He sought recovery for twice the amount of the usurious interest contracted for under the provisions of Art. 5069—1.-06, Vernon's Ann.Civ.St., together with attorney's fees as therein provided.

Defendants' amended plea in abatement had attached thereto an undated memorandum containing three paragraphs addressed to the defendants, whereby certain named individuals acknowledged that plaintiff and MPS (1) were acting on their own behalf and on behalf of the individuals signatory thereto in certain proportions, (2) "except payments of interest only for the first three years on the Note referred to above is the obligation of the parties in the following proportions [Sud, MPS, and the signatory parties' respective proportions were set out]," and (3) recognized the liability of the several signatory parties upon the promissory note mentioned.

Plaintiff filed his controverting affidavit wherein he swore that the "persons signing that letter were to be liable on the note described in the letter only in the event I defaulted in making any payments. The persons signing that letter were not to be primarily liable on the note described in the letter." No testimony was introduced upon hearing on the plea in abatement.

At the outset, we note that there was no allegation in any of the pleadings as to the legal status of MPS Production Company.

Plaintiff assumes for the purpose of his appeal that it was a private corporation, but we find no allegations in his pleadings to that effect. The note, a copy of which we find in our record, shows that it was executed on behalf of the corporation by an individual purporting to be "vice-president" and attested by an individual representing himself to be "assistant secretary".

We also note that, although defendants averred MPS Production Company and other individuals were residents of Harris County, Texas, the pleading carefully refrained from alleging that MPS was not a corporation and, in fact, made no mention of its legal status.

■ In State v. Goodnight, 70 Tex. 682, 11 S.W. 119, 120 (1888), Judge Gaines, speaking for the court, said:

"A plea in abatement should not only show the grounds upon which the suit should be abated, but should also give the plaintiff a better writ; that is, it should not only show that the suit is improperly brought, but also how it should have been brought. . . . A pleading should always state facts, and not conclusions of law, and a plea in abatement, which sets up a nonjoinder of parties defendant should show definitely and specifically the nature and extent of the interest of such person who is claimed to be a necessary party."

See also Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 771, 145 S.W.2d 569 (1939); Rifkin v. Overbey, 171 S.W.2d 175, 176 (Tex.Civ.App., Eastland, 1943, error ref. w. o. m.); and Altgelt v. Texas Co., 101 S.W.2d 1104, 1107 (Tex.Civ.App., Austin, 1937, error dism.). We apply the same rule to non-joinder of parties plaintiff. Rule 39, Texas Rules of Civil Procedure.

■ The importance of the corporate status of MPS Production Company becomes apparent when we turn to the nature of the relief sought by the plaintiff. If, as plaintiff contends, MPS was a corporation, it had no cause of action for usury. Art. 1302—2.09, V.A.C.S., as amended by Acts 1967, 60th Leg., p. 713, ch. 296, § 1, permits corporations to agree and stipulate for any rate of interest as such corporation may determine, not to exceed one and one-half per cent per month. The amended statute also specifically provides that "the claim or defense of usury by such corporation, its successors, guarantors, assigns or anyone on its behalf is prohibited."

But as to an individual such as the plaintiff, a different rule was adopted in § 2 of the 1967 Act noted above, now appearing as Art. 5069—1.02, V.A.C.S., declaring a greater rate of interest than ten per cent per annum to be usurious.

■ This new Texas statute has not been the subject of litigation brought to our attention. Plaintiff cites several out of state cases, two of which are noted in the margin, which hold that, in cases where a corporation and an individual are joint makers upon a note which is usurious, the individual may prosecute the penalty action without joinder of the corporation.* Since we have a statute which clearly creates a cause of action in the individual obligor and denies it to the corporate obligor, the rationale of the cited cases is highly persuasive.

■ If, as plaintiff alleged, he was required to pay and did pay fifteen per cent per annum as interest, the contract as to him was usurious. But as to MPS Production Company, if it was a corporation, the rate was legal.

---

* See, e. g., Meadow Brook National Bank v. Recile, 302 F.Supp. 62 (E.D.La., 1969), construing the Louisiana statute; Grove v. Chicago Title and Trust Company, 166 N.E.2d 630 (Ill.Ct.App., 1960), construing the Illinois statute.

■■ If in truth and in fact MPS was a corporation, it was neither a necessary nor an indispensable party to the suit. Rule 39, supra; Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891, 893 (Tex.1966). Having no cause of action for recovery of usurious interest, it could have no joint interest with plaintiff nor was its presence in the case required in order for complete relief to be granted. Under these circumstances, we are of the opinion that defendants' plea in abatement was deficient in failing to show "definitely and specifically the nature and extent of the interest of such person [MPS] who is claimed to be a necessary party." *Goodnight Case,* supra.

■ Defendants also insist that the individuals who were parties to the letter agreement, heretofore mentioned, were necessary parties. The leading authority relied upon is Alston v. Orr, 105 S.W. 234 (Tex.Civ.App., 1907, no writ), followed by First Nat. Bank v. Herrell, 190 S.W. 797 (Tex.Civ.App., Dallas, 1916, no writ). Each of the cases is distinguishable from that at the bar. Each case held that the *makers* of an instrument in writing requiring payment of usurious interest was a necessary party in a suit to recover the penalty for such payment.

The note involved herein had only two makers, plaintiff and MPS Production Company; none of the signers of the letter agreement affixed his signature to the note. § 3.401, ¶(a), Uniform Commercial Code, V.T.C.A., provides: "No person is liable on an instrument unless his signature appears thereon." This identical provision appeared in § 18, Art. 5932, V.A.C.S., the Negotiable Instruments Act, and it has been said it "is but a declaration of practically universal law." Farrier v. Hopkins, 131 Tex. 75, 112 S.W.2d 182, 184 (1938).

The letter agreement is essentially one of guaranty and defendants contend that it is the settled law in this state that an endorser may avail himself of the plea of usury whenever the maker of the obligation can do so. Lydick v. Stamps, 316 S.W.2d 107, 110 (Tex.Civ.App., Fort Worth, 1958, error ref. n. r. e.) so holds. The Austin Court of Appeals, quoting from a text, has extended the rule to include sureties, guarantors, heirs, devisees and personal representatives. Guardian Consumer Finance Corp. v. Langdeau, 329 S.W.2d 926, 936 (Tex.Civ.App., Austin, 1959, no writ).

We have no quarrel with these authorities but we hold that they have no application to the facts at the bar. Plaintiff alleged that he was an individual obligor on the note and that he had paid the usurious interest. He could recover the penalty only upon proof that he had actually paid and defendants had actually received the usurious interest. Art. 5069—1.06(1), V.A.C.S. As was said in Easley v. Gill, 77 S.W.2d 268, 271 (Tex.Civ.App., Eastland, 1934, error dism.): "The burden is on him who seeks to recover the same to specifically allege the payment of usurious interest and the amount thereof *and prove the same.*" (emphasis supplied)

We are unwilling to accept the statements of counsel in the brief that "[e]ach of such separate obligors paid their respective portion of the first year's interest to the title company at the time the sales contract was delivered, as shown by the last paragraph of said contract." In the first place, such is not shown with clarity; and, more importantly, a plaintiff's right to prosecute his suit should not be defeated by a defendant's ex parte insistence that some other party, and not the plaintiff, was aggrieved by his actions.

In this case, plaintiff has been deprived of his day in court by the plea in abatement filed by defendants. The factual basis of the plea does not rest upon unchallenged testimony given in open court, but upon statements contained in a pleading which we have held to be legally insufficient. We recognize that a trial court has a great deal of discretion in passing upon pleas in abatement for non-joinder parties

(*Stanolind,* supra, 133 S.W.2d at 771), but we are of the opinion that it was error to sustain the plea in abatement and to dismiss plaintiff's suit in this instance. Cf. Texas Land Drilling Co. v. First State Bank & Trust Co., 445 S.W.2d 571, 575 (Tex.Civ.App., Corpus Christi, 1969, error ref. n. r. e.).

The judgment of the trial court is reversed and the cause is remanded.