**James J. HARTNETT, Administrator of the Estate of Jerry A. Jackson, Deceased, Appellant,**

v.

**ADAMS & HOLMES MORTGAGE COMPANY, INC., John David Holmes and Western Mortgage Investors, Appellees.**

No. 8339.

Court of Civil Appeals of Texas, Texarkana.

July 13, 1976.

James J. Hartnett, Dallas, for appellant.

Don R. Hancock, Austin, Robert M. Roller, Coke & Coke, Dallas, for appellees.

CHADICK, Chief Justice.

This is an appeal from a summary judgment in a usury case. James J. Hartnett, Administrator of the Estate of Jerry A. Jackson, Deceased, as plaintiff instituted this action in the trial court and named as defendants Adams & Holmes Mortgage Company, Inc., John David Holmes and Western Mortgage Investors. The trial court entered a take nothing judgment. Administrator Hartnett perfected an appeal. The judgment of the trial court is affirmed.

Appellant Hartnett briefed two points of error, viz:

"POINT I. THE PROBATE COURT ERRED IN HOLDING THAT A CAUSE OF ACTION FOR RECOVERY OF STATUTORY PENALTIES FOR USURY CANNOT BE BROUGHT BY THE ADMINISTRATOR OF THE ESTATE OF A DECEASED WHO HAS BEEN CHARGED USURIOUS INTEREST.

POINT II. THE PROBATE COURT ERRED IN RULING THAT PLAINTIFF COULD NOT TAKE A NON-SUIT ON A PORTION OF THE CLAIMS PRESENTED IN HIS PETITION."

Appellees responded and supplemental and reply briefs followed. Counterpoints and statements in successive briefs narrow the issues presented by the appellant's first point of error to this:

1. Was Jerry A. Jackson, deceased, an obligor, as that term is used in Tex. Rev.Civ.Stat.Ann. art. 5069–1.06(1), on the note in suit?

2. May the administrator of Jackson's estate maintain a cause of action to recover usurious interest forfeited to Jackson or his estate by Art. 5069–1.-06(1)?

Western Mortgage Investors and Adams & Holmes Mortgage Company, Inc., acting as lender and broker, respectively, loaned $525,000.00 to a corporate entity, Jerry A. Jackson Enterprises, Inc. The loan was evidenced by a promissory note dated October 18, 1973, secured by a deed of trust on an apartment complex and was personally guaranteed by the deceased, Jerry A. Jackson.

■ Jackson's written guaranty agreement waived the requirement otherwise imposed by law that the holder of the note exhaust it's rights or take action against the maker, Jerry Jackson Enterprises, Inc., as a condition precedent to Jackson's liability. Guaranties of this nature are absolute. *Universal Metals & Machinery, Inc. v. James T. Bohart, et ux,* 19 Tex.Sup.Ct.J. 360 (1976); 539 S.W.2d 874 (Tex.1976). Jackson's liability is contractual, the result of the guaranty agreement, as stated in *El Paso Bank & Trust Co. v. First State Bank,* 202 S.W. 522 (Tex.Civ.App. El Paso 1918, no writ):

"It . . . is a primary and positive agreement, and the breach of the principal's contract to pay the sum promised ipso facto imposes upon the guarantor a complete liability."

Under the record Jackson is an absolute guarantor. The next phase of review is to determine whether Jackson is in law a maker of the note in suit.

■ The allegedly usurious note did not by its terms obligate or bind Jackson in his individual capacity to pay either interest or principal, as he, individually, was not a party to it. This factual certainty establishes that Jackson is not obligated by the note itself and precludes Jackson's liability thereon as an actual maker. *Universal Metals & Machinery, Inc. v. James T. Bohart, et ux,* supra; *E'Town Shopping Center, Inc. v. Lexington Finance Co.,* 436 S.W.2d 267 (Ky.Ct.App.1969); Tex.Bus. &

Comm.Code, Sec. 3.401. The last cited case was relied upon in *Bohart* and it says:

"Conceding, as the explanatory note following this subsection (3.416) of the UCC says, that the *liability* of a guarantor is made the same as that of a co-maker, it does not follow that he is in fact a co-maker . . . ."

See also *Farrier v. Hopkins,* 131 Tex. 75, 112 S.W.2d 182 (1938, opinion adopted) and *Sud v. Morris,* 492 S.W.2d 335 (Tex.Civ.App. Beaumont 1973, no writ).

Forfeitures and penalties for violations of the usury law are prescribed by Tex.Rev. Civ.Stat.Ann. art. 5069–1.06. Section (1) of the statute reads:

"(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error."

The section is a part of the comprehensive restructuring of statutory law governing interest, consumer credit, and consumer protection enacted by the legislature in 1967. By plain language the statute makes it clear an *obligor* contemplated by Article 5069–1.06 is a person who pays, is charged or has contracted to pay interest at a rate in excess of that allowed by law.

■ Not being in law a maker of the note Jackson was not an obligor therein though as an absolute guarantor he was liable for payment under the guaranty contract. Ordinarily, the legal representative of a decedent is bound by an executory contract of the decedent when its completion does not require personal performance by the decedent. *Neyland v. Brammer,* 73 S.W.2d 884 (Tex.Civ.App. Galveston 1933, writ dism'd); *Wilcox v. Alexander,* 32 S.W. 561 (Tex.Civ.App. San Antonio 1895, no writ); *Re Burke,* 44 A.L.R. 1341; 198 Cal. 163, 244 P.2d 340 (1926). In this instance, Jackson not being an obligor bound by the

terms of the alleged usurious note itself nor an obligor contemplated by Article 5069–1.-06, the administrator of his estate occupies no different status in this regard.

In his status as an absolute guarantor, Jackson and necessarily the legal representative of his estate, is prohibited from prosecuting an action to recover a usury penalty by Tex.Rev.Civ.Stat.Ann. art. 1302–2.09. The article denies a guarantor of a corporate note, such as this in suit, the right to claim the note is usurious or defend upon that ground. *Universal Metals & Machinery, Inc. v. James T. Bohart, et ux,* supra. Appellant's first point of error is overruled.

 Jackson's administrator pled in separate paragraphs, and as separate counts that Jackson owned the apartment complex and that appellees violated his ownership rights by a wrongful foreclosure that deprived him of possession. The facts and circumstances alleged in each count to show wrongful foreclosure overlap but are in part separate and distinct. The record shows a timely request by Jackson's administrator to take a non-suit on the second count (par No. VI) pursuant to Tex.R.Civ.P. 164. The trial judge overruled the motion. Such denial was not erroneous. A single cause of action may not be split and the action tried piecemeal. The pleadings show a single cause of action. Foreclosure gave rise to but one cause of action though it might be wrongful because of a number of separate acts or omissions. The elements of a cause of action " . . . consist of a substantive right, the violation or threatened violation of that right, and where necessary the consequent damage." See Keeton, *Action, Cause of Action and Theory of the Action in Texas,* 11 Texas L.Rev. 145, 286 (1933); 1 McDonald's, Texas Civil Practice, Sec. 2.02. No case precisely in point has been cited or found but the decided cases give general support to the quoted rule framed by Dean Keeton. Appellant's second point of error is overruled.

The appellees' motions for rehearing are granted. The opinion filed herein on May 4, 1976, is withdrawn and this opinion sub-stituted for it. For the reasons discussed, the judgment of the trial court is affirmed.